| 3s | 185 |
| 103 | 342 |

McMILLIAN v. WALLACE.

1. In assumpsit, payment may be given in evidence under the general issue plea, to reduce the damages, although made after suit brought.
2. Where an error was committed in the Court below, but the appellant has suffered no injury thereby, the judgment will not be reversed.
3. Where a plaintiff fails in proving a special contract as laid, but proves the performance of one different, he may still recover under the common counts in certain cases.
4. Though there be a special contract for the rent of land, the plaintiff may, under the statute, recover on a count for use and occupation, reasonable rent, not exceeding the price fixed by the contract.

AT the spring term 1826, of Tuscaloosa Circuit Court, J. S. Wallace declared against J. McMillian, in an action of assumpsit, on a special contract reserving rent. Besides the special count, the declaration contained one for use and occupation, and the common counts. *Pendente lite*, the defendant was garnisheed by one of the creditors of Wallace, and judgment was awarded against him, on his answer to the garnishment, at the spring term 1827 of said Court, for the sum of one hundred and fifty dollars; which sum he paid. This payment he pleaded to the declaration in the form of a plea *puis darrein continuance*. To this, the plaintiff was about to reply, and claim the residue of damages laid in his declaration, when the defendant agreed to withdraw his said plea, and the plaintiff's counsel said that a credit of one hundred and fifty dollars should be entered on the judgment sought to be obtained. Under the issues of non-assumpsit, set off, payment, &c., the defendant McMillian offered in evidence, the matter of his plea *puis darrein continuance*, in mitigation of damages; but the Court refused to admit it, to which the defendant excepted. The defendant then moved the Court to instruct the jury, that if they believed from the testimony, the plaintiff had failed to prove his contract, as laid, or had proved one variant from that sta-

24

JULY 1830.

McMillian
v.
Wallace.

ted in his declaration, he could not recover: whereupon the Court charged, that the principle contended for by the defendant was in general true, where the special contract remained unrescinded; but that after it had been performed, a recovery might still be had upon a general *indebitatus* count; and under our statute authorizing the action of assumpsit for use and occupation, though a special contract for rent might be shewn on trial, yet the defendant could not prevent a recovery of reasonable rent for the land, under the count for use and occupation. A verdict was accordingly found for the plaintiff for three hundred and fifty dollars. On the judgment, the plaintiff entered a remittitur for the hundred and fifty dollars paid on the garnishment. The charge of the Judge, and his refusal to admit the proof of the payment of one hundred and fifty dollars under the writ of garnishment, are the matters here assigned for error.

Ellis, for the appellant. The Court erred in rejecting the evidence of payment offered. It was proper evidence under the general issue plea, notwithstanding the fact that it was made after the action was brought, and after issue joined. In deciding and settling a principle of law, the Court will certainly pay no attention to the proposal to credit the amount on the judgment to be rendered, the trial must be always had according to the issues joined, and a party has the right to avail himself of any lawful evidence. Although it is laid down as a general rule, that evidence of payment after suit brought and issue joined, is inadmissible, except under a plea *puis darrein continuance* yet that rule does not apply; under the circumstances of this case we could not avail ourselves of such a plea. A plea *puis darrein continuance,* amounts to a waiver of all other pleas, and if we had pleaded such a plea, we were deprived of all our other grounds of defence which arose before suit brought; desiring to defend the action on other grounds besides the payment, we could not take any other course than to plead generally, and rely on this payment under the general issue.

*a* 5 Mass. Rep 286.
*b* 7 Mass, Rep 336.

In *Bayley et al. v. Taber et al,*[a] and in *Bayley et al. v. Fettyplace et al,*[b] decided in Massachusetts, it was held that such evidence was proper, in the case of a voluntary payment; certainly no distinction can be drawn between such a case and that of a payment by legal recovery and coercion, if any, ours is the stronger case.

. The Court also erred in the instructions given. It must be taken for granted, that the contract proved, was a special one, but variant from the one laid. The plaintiff should have been confined to the special contract which he relied on. Although we have a statute allowing a recovery for use and occupation, yet if a party elects to bring his action on his special contract, he should be held to it. In England they have also a statute concerning use and occupation, similar to ours, but in declaring under it, the declaration is always general, and never special. I do not deny the correctness of the law as stated by the Court below, but it was inapplicable to this case, as here there was a contract limiting the amount to be recovered, and under the charge given, the plaintiff might recover, as a reasonable price for use and occupation, more than the amount limited by his special agreement. The agreement is always binding to limit the amount of damages, but it was not so limited by the charge.[a]

BARTON & STEWART, for the defendant in error. The principle is well settled, that to introduce any evidence which has occurred since the commencement of the suit, the defendant must plead a plea *puis darrein continuance,* else he is confined to the trial of the cause as it stood when the suit was brought, for it is the rights of the parties as they stood at that time, which are to be tested under the ordinary issues. This principle is so well settled, that it would seem that it could not be overturned by the mere production of an authority such as the one cited from the Massachusetts Reports. One single illustration would shew the correctness of the principle. If a suit is brought for a debt unpaid, certainly the action is well brought, which no one would deny; now if the general issue is pleaded, and payment proved under it after suit brought, and a verdict is found for the defendant, the Court must give judgment for the defendant for costs as well as for the debt. Would it be contended that the Court should look into the evidence, and weigh it so as to determine for whom judgment for costs should be given, independently of the nature of the issue joined by the pleadings? We presume not; neither do we presume it would be contended in such case that the plaintiff is not entitled to his costs; he was entitled to them when he brought his suit. The judgment on a plea *puis darrein continuance* gives the costs to the plaintiff, because the plea admits that the plain-

*Margin notes:*

JULY 1830.

McMillian
v.
Wallace.

*a* 2 Phillips
Ev. 68, 83 &
Note *a.* 10
John. 36. 12
Ibid 274. 13
Ibid 94, 56,
359. 14 Ibid
326. 18 Ibid
169. 8 Ibid
439. Strange
648. 2 Term
R. 105. 6
Taunton 322.
1 Chitty Pl.
Marg. 298. L.
of Ala. 701,
Act of 1812-
2 Chitty's Pl.
38, 39. Doug.
23: 2 East.
145. 7 John.
132.

tiff had a good cause of action when the suit was brought, and this meets the proper rights of the parties. The general issue is a denial that the plaintiff did have a cause of action when he brought his suit. Certainly a payment made afterwards, does not in any way go to support that allegation, and is not therefore proper evidence. It is no answer in this case to say that where a party chooses to receive his debt without costs, his action is gone, by his assent; here the payment was not received by the plaintiff. It was made against his will. Nor is it sufficient to say that it is only admissible in mitigation of damages, when there are other pleas and other defences; for the admission of a partial payment, connected with other defences, may defeat the whole recovery. In debt the sum demanded is certain, but in assumpsit the amount of damages is uncertain and unliquidated. The introduction of this evidence, a low assessment of damages, and a set off proved, all taken together, might induce the jury to find for the defendant, and from the confusion of proof, it could not be known on what particular ground the finding was. So it is no more proper to receive such proof in mitigation of damages than in bar. Another reason why this assignment of error cannot prevail is, that the plaintiff did remit the sum of one hundred and fifty dollars on the judgment, by an admission made of record. It would be idle to reverse a judgment so as to give the appellant the benefit of the payment of that sum, when no one claims it of him.

As to the second point, it is equally well settled, that where a special contract has been entirely performed and complied with, a recovery of the amount contracted for can be had under the common counts. Our statute expressly gives the action for use and occupation, where the demise is by deed, not specifying the rent to be paid, or where the demise is by parol reserving rent; shewing that it may be maintained, though there be a special contract. The bill of exceptions does not, by the facts set forth, shew that it is a case not within the statute; neither does it shew that the amount of rent recovered, was in fact greater than the price limited by the special agreement; therefore the argument on account of that objection, is not sustained by the facts of the case. It does not appear that the judgment should be reversed for that reason.

ELLIS, argued in conclusion.

By LIPSCOMB, Chief Justice. We shall say nothing about the regularity of going to trial on the former pleas, after the plea *puis darrein continuance* had been withdrawn, because that seems to have been done by consent. The first objection is to the refusal to permit the evidence of payment of one hundred and fifty dollars. The point growing out of the assignment, is one on which the practice has been quite unsettled. There is no question but the general rule is, that no matter subsequent to the commencement of the suit can be given in evidence under the general issue, because a defence offered under this plea must have been good, and subsisting at the commencement of the suit; to which period the plaintiff's right to sue will be referred. But notwithstanding this rule of pleading, it has frequently been held that evidence of subsequent payment may be admitted by way of reducing the plaintiff's damages; and it does seem that there can be no sound objection to allowing proof of such subsequent payment for that purpose. If the whole debt was paid into Court after the commencement of the suit, even were it held that judgment must be entered up without regard to such payment, to avoid what might seem a violation of a rule of practice, the Court would not hesitate in directing satisfaction to be entered for the amount so paid. Such payment could not prevent the plaintiff from recovering his costs; there can be no reason then for refusing to let in evidence of part payment. The only plausible objection is, that the plaintiff possibly might be taken by surprise, and not prepared to rebut the evidence of the payment offered by the defendant. But this objection would apply with as much force to the evidence of a payment made before the commencement of the suit, which has never been denied or controverted, when offered under the general issue for the purpose of reducing the damages. Indeed almost any evidence may be given under this plea, and if the plaintiff is taken by surprise, he has no other remedy than to apply to the Court for a new trial. The risk of surprise would not be greater if payment after commencement of the suit should be permitted. We are therefore of opinion, that payment may be given in evidence for the purpose of reducing damages, under the plea of the general issue, although such payment may have been made after the commencement of the suit. For this error the judgment would be reversed, but that the record shews that the credit was given agreeably to the

*JULY 1830.*

McMillian
v.
Wallace.

JULY 1830.

McMillian
v.
Wallace.

a Laws of Ala
701.

arrangement between the parties, when the plea *puis dar-rein continuance* was withdrawn.

The next ground relied on by the plaintiff in error to reverse the judgment, is the refusal of the Judge to give the charge prayed for. It is an acknowledged general rule of pleading, that if there is a special contract, it must be declared on. This rule we believe may be fairly subjected to the following restriction: If services have been performed in the fulfilment of a special contract, and the object of the suit is to recover payment for such services, if the plaintiff should fail in proving his special contract as declared on, he may still recover under a common count, provided the recovery shall not exceed the amount or price stipulated in the special contract. But if the action is for uncertain and unliquidated damages, for not doing the thing promised, then it would seem that the plaintiff must stand or fall by the special contract as set out in his declaration. The case under consideration was for rent, and although the contract proven might be different in its terms from the one described in the special count, it is very clear the plaintiff could recover a reasonable compensation for the use and occupancy of his land on the second count. This case we consider as expressly provided for by the statute.[a] This statute provides, that if the action is for use and occupation, when the demise is not by deed, or by deed not specifying the rent to be paid, the plaintiff shall recover a reasonable satisfaction for the tenements occupied by the defendant, and if on the trial a parol demise reserving certain rent, or a deed but no rent therein agreed on, shall be proven, the plaintiff shall not be nonsuited, but shall recover a reasonable satisfaction for the tenements occupied. By reasonable satisfaction we cannot believe the Legislature intended that the compensation in any case of a parol demise, stipulating the rent to be paid, should exceed the amount so stipulated. A different construction would be putting it in the power of the plaintiff to violate his contract at pleasure. If dissatisfied with the rent agreed on by the parol demise, he would have nothing to do but to avoid it, by bringing his action for the use and occupation of the land. We escape this result by confining the reasonable satisfaction within the limits stipulated. The general principles here laid down, were not controverted by the counsel for the plaintiff in error. But he contended that the plaintiff had his election to sue on the special contract, or for use and occupation, and that as he

had declared on the special contract, he should be confined to it.    A sufficient answer to this objection is, that each count in a declaration is a distinct cause of action, and when the first or special count was not sustained by the proof, its defects could not affect the count for use and occupation any more than if it had not been there; each count stood alone on its own intrinsic merit.    The judgment must therefore be affirmed.

By JUDGE COLLIER.    In the main, I assent to the legal positions advanced in the opinion pronounced by the Chief Justice, yet dissent from the judgment of the Court, because, to a very material extent, these positions can only be applied, as I believe, upon an assumption of fact, unauthorised by the record.

After noticing so much of the bill of exceptions as relates to the proposal by the plaintiff in error to give in evidence, the payment of the one hundred and fifty dollars, and shewing the rejection of such evidence by the Court to be erroneous, the opinion proceeds thus: "For this error the judgment would be reversed, but that the record shews that the credit was given agreeably to the arrangement between the parties, when the plea *puis darrein continuance* was withdrawn."    The part of the record referred to as evidencing an arrangement between the parties, is in these words: "To which said plea, (meaning the plea *puis darrein continuance*,) the plaintiff in this cause replied, or was about to reply, and claim judgment for the residue of his damages in his declaration.    The counsel for the defendant then agreed that said plea *puis darrein continuance* should be withdrawn, and plaintiff's counsel said that a credit should be entered on the judgment for the one hundred and fifty dollars, recovered and paid under the garnishment as aforesaid."

A rational interpretation of language, it is apprehended, will not warrant the conclusion that there was any arrangement between the parties, which legalized the rejection of the evidence of payment offered by the defendant. But the only just construction of what has been termed an arrangement, is that the defendant withdrew his plea *puis darrein continuance*, in order to prevent the plaintiff from taking the judgment for so much of the damages claimed by the declaration as were not answered by that plea, to which it was supposed he was entitled, as by that plea all former pleas were waived.    With regard to the

remark of the plaintiff's counsel, that one hundred and fifty dollars should be credited on the judgment to be recovered, it seems not to have been assented to by the defendant, and must therefore be considered unavailing for any purpose.

Apart from the conclusion deducible from a fair interpretation of the language employed, it is not perhaps unworthy of remark, that the defendant's assent to receive the one hundred and fifty dollars as a credit upon the judgment, should not be over hastily presumed, as he would thereby lose the interest upon that sum for twelve months, to which the evidence shews him entitled.

Judgment affirmed.

JUDGE WHITE, presided below, and did not sit.