## BOYD *vs.* WEEKS.

In *assumpsit* the defendant cannot under the plea of *non-assumpsit* prove that the plaintiff's demand was paid after the commencement of the suit.

*Semble* however, that where the suit is commenced by *capias*, a defence arising after the issuing and before the return of the process may be given in evidence under the general issue, such plea having relation to the time of the declaration. *Per* WALWORTH, Chancellor.

ON error from the supreme court, to review a judgment of that court affirming a judgment recovered by Weeks against Boyd in the court of common pleas of the city and county of New-York, in a suit commenced by declaration in that court. The facts appearing upon the record and bill of exceptions in the common pleas, together with the reasons for the judgment of affirmance, are sufficiently stated in the report of the case in the supreme court, in 5 *Hill*, 393.

*Clinton Dewitt,* for the plaintiff in error.

*Edward Sandford,* for the defendant in error.

THE CHANCELLOR. The action in the court below was commenced by the filing and service of a declaration under the statute, for the recovery of the amount due upon a promissory note at the time of the commencement of the suit. The defen-

dant pleaded the general issue only, and the only question is whether he was authorized under that plea to give in evidence, payment of the note *pendente lite.* Under the general issue, the defendant may give in evidence payment of the debt for which *assumpsit* is brought, if such payment was made previous to the commencement of the suit, so that the plaintiff at that time had no subsisting cause of action. And this principle has been carried so far as to permit the defendant to give in evidence, under the general issue, a defence which arose after the issuing of the writ but before the return day thereof, upon the ground that the plea relates to the time of the declaration and not to any previous date. ( *Warwick, adm'r &c.* v. *Beswick,* 10 *Barn. & Cress.* 676.) But a defence arising subsequent to the declaration must be pleaded in bar of the farther continuance of the suit and not in bar of the action generally. Such a defence, therefore, cannot be given in evidence under the general issue, but must be specially pleaded. (*Le Bret* v. *Papillon,* 4 *East,* 502; *Covel* v. *Weston,* 20 *John.* 414; *Lee* v. *Levy,* 4 *Barn. & Cress.* 390.) And if the defence has arisen subsequent to the time when the defendant has pleaded generally to the action, he should set up the defence by a plea *puis darrien continuance.* The decision of the judge who tried the cause was therefore in accordance with the settled rules of law on this subject, and the judgment of the supreme court should be affirmed.

Senators LOTT, PORTER and BARLOW also delivered written opinions in favor of affirming the judgment of the supreme court.

On the question being put, "Shall this judgment be reversed?" all the members of the court present who had heard the argument, to wit, The PRESIDENT, The CHANCELLOR, and *Senators* BACKUS, BEEKMAN, BEERS, BOCKEE, CHAMBERLAIN, DENNISTON, EMMONS, FOLSOM, HAND, HARD, JOHNSON, JONES, LESTER, LOTT, MITCHELL, PORTER, SEDGWICK and SMITH, (20,) voted for affirmance; and the judgment of the supreme court was accordingly affirmed.