# SUPREME COURT.

## WILLIS agt. CHIPP.

A defendant may now, after suit brought, settle the cause of action, and then in his answer set up such settlement by way of defence.

*Ulster Special Term, April,* 1854. Motion for judgment on account of the frivolousness of the defendant's answer. The complaint was for an assault and battery, alleged to have been committed by the defendant. The defendant, in his answer, states that the assaulting, &c., "has been fully settled and arranged between the plaintiff and defendant, and full satisfaction acknowledged by the plaintiff to the defendant."

E. COOKE, *for plaintiff*.

H. CHIPP, *for defendant*.

HARRIS, Justice. At common law a defendant could not, under the general issue, give evidence of payment or satisfaction of the plaintiff's demand after the return day of the writ. Such a defence, to be available, must be pleaded specially. Boyd agt. Weeks, (2 *Denio*, 321.) But, under the Code, no such distinction obtains. The defendant may, after suit brought, settle the cause of action, and then, in his answer, set up such settlement by way of defence. Any facts existing at the time the defendant answers, and which show that the plaintiff ought not to have a judgment against the defendant, may be inserted in the answer. Here, the defendant says, in his answer, that he and the plaintiff have settled the cause of action upon which the plaintiff relies as the ground of a recovery against him, and that the plaintiff has acknowledged full satisfaction. If this be so, it is a good defence to the action, even though the settlement has taken place and the satisfaction has been acknowledged since the action was brought. The matter stated in the answer constitutes a defence. The motion must, therefore, be denied with costs.