### BEEBE *vs.* DOWD.

A parol agreement was made between the plaintiff and defendant, for an exchange of real estate, the possession to be exchanged immediately, and the respective deeds of conveyance were to be delivered as soon as the defendant's wife would consent to sign and acknowledge the deed of the defendant's property. The possession of the respective lots was accordingly exchanged, each party going into the occupation of the premises received from the other, and the defendant's wife subsequently executed and acknowledged the deed given by her husband to the plaintiff, which deed was tendered to the plaintiff, but not until after the commencement of an action of ejectment for the land agreed to be exchanged by the plaintiff. But, no time being specified by the parties within which the deed must be executed by the defendant's wife; and it not appearing that the plaintiff ever called for the deed, or gave notice to the defendant that the business must be completed ; and the plaintiff having taken and retained possession of the premises which the defendant was to convey to him, and never having demanded possession of the premises in question; *it was held*, that the equitable rights of the defendant were not at all affected by the action, but remained precisely as they were before. And that if the defendant could have enforced a specific performance by the plaintiff, previous to the commencement of the action, by performing on his part, he was entitled to it afterwards; the contract having been partly performed, by exchanging possession of the lands, &c. sufficient to take it, in equity, out of the statute of frauds.

*Held also*, that notice to the defendant that he must perform or the contract would be abandoned, and his omission to do so in a reasonable time, or something equivalent, was necessary, to put an end to the contract. And that the delay which had occurred did not authorize the plaintiff to treat the contract as at an end, without such notice or some similar act; especially as the plaintiff had possession of the premises agreed to be conveyed by the defendant.

*Held further*, that the tender of the deed having been made, by the defendant, before answer, although after the suit was brought, he might plead it and have the benefit of it. ' But that strictly, a tender was not necessary, to entitle the defendant to a specific performance; an offer in the answer, to perform, being sufficient.

APPEAL from a judgment entered at a special term, after a trial at the circuit, before the court, without a jury. The plaintiff in his complaint alleged that he was the owner in fee simple, and entitled to the possession of a certain parcel of land in the village of Port Byron ; that the defendant was in the actual possession of said premises, claiming title thereto or some interest therein, and that he unlawfully and wrongfully withheld the possession thereof from the plaintiff, and the plaintiff

demanded judgment for the surrender of the possession of said premises with $250 damages, for unlawful detention and rents and profits thereof. The defendant's answer, 1. Denied that the plaintiff was at the time alleged seised in fee of the said real estate, or that he had any right or interest therein; 2. Admitted the possession of the defendant; 3. Denied unlawful or wrongful withholding; 4. Denied each and every allegation in the complaint not therein before admitted in said answer; 5. It alleged that on or about the 20th day of January, 1855, the plaintiff and defendant made a verbal agreement, whereby the said plaintiff and defendant agreed to trade and exchange houses and lots, and whereby the defendant agreed to give to the plaintiff the Eagle tavern stand in Port Byron at the price of $6800, to be paid for as follows, to wit: the plaintiff agreed to give to the defendant therefor the house and lot in question at the price of $1500, one span of horses at the price of $260, the plaintiff's note or notes in the sum of $1000, and said plaintiff to assume and pay certain liens or incumbrances on the tavern stand, amounting to the balance of the said purchase price; that the possession of the said lots was to be exchanged in pursuance of said agreement immediately, and the deeds of conveyance therefor to be delivered as soon thereafter as the defendant's wife would sign and acknowledge the defendant's deed to the plaintiff; that the possession of said lots and premises was exchanged, and the plaintiff gave the defendant the possession of the premises in question in pursuance of said agreement; and that the whole of the property and the consideration therefor passed from the defendant to the plaintiff, and was received by the plaintiff in full payment and satisfaction therefor; that in pursuance of the said agreement, the defendant's wife did thereafter sign and acknowledge the said deed from the defendant to the plaintiff, and the same had been tendered to the plaintiff, which he had refused to accept; that the possession by the defendant of the premises in question was in pursuance of, and in accordance with, said agreement; that the defendant had fully performed all the conditions of said agreement on his part, and that on or about the 30th day of January, 1855, and after the plain-

Beebe *v.* Dowd.

tiff had taken possession of the Eagle Hotel, and while he was in the possession thereof, the said tavern and buildings attached thereto were wholly destroyed by fire, so that the said property thereby became almost entirely valueless; and that it was therefore out of the power of the plaintiff to restore to the defendant the property which he had so received from the defendant; that in consequence of the said destruction of the said property and the depreciation of the value thereof, while in the care, control and possession of the said plaintiff, and owned and held by him as his own lawful property, it would be unjust for the plaintiff to recover the relief demanded in the complaint in this action.

And the defendant submitted that the plaintiff was bound, in equity and law, to deliver the said deed of the premises described in the complaint to the defendant, and fully execute and perform his said contract; and the defendant prayed that this court, in pursuance of the legal and equitable powers therein vested, would adjudge and decree the full and specific performance of the said contract by the plaintiff in pursuance of his said agreement, as the same was above set forth, and for such further and such other relief in the premises as the defendant might be entitled to, either at law or in equity, &c. The facts proved on the trial sufficiently appear in the opinion. The court decided that the plaintiff was the owner in fee of the premises in question, and that he was entitled to recover the possession thereof from the defendant. The defendant appealed from that judgment.

*H. V. Howland,* for the appellant.

*Chas. C. Dwight,* for the respondent.

*By the Court,* T. R. STRONG, J. The learned justice before whom this cause was tried, as appears from the opinion delivered by him, inclined to think that if the defendant had tendered to the plaintiff such a deed as he was to give, before the commencement of the action, the defense set up would be valid and sufficient, and the defendant would be entitled to a judgment for a

conveyance to him by the plaintiff of the premises in question. This implies, that in the view of the justice the defendant had substantially performed on his part in all other respects the contract between the parties, and that the contract, when the action was brought, was still subsisting. But inasmuch as the deed was not tendered until after the action was commenced, he decided that the tender was too late, and was unavailing; that the defendant being in default before the action, for not tendering the deed, the plaintiff had a right to repudiate the contract, which he had done, by bringing the action; and thereby the defendant had lost all his equitable rights in the case. I cannot concur in this decision as to the effect of the action upon the equities of the defendant. It would be highly unreasonable to hold the defendant concluded by the suit from all title to equitable relief. No time was specified, when the papers were left with Haynes, (to be delivered on the execution of the deed to the plaintiff by the wife of the defendant,) within which the deed must be executed by her; it does not appear that the plaintiff subsequently called for the deed, or gave notice to the defendant that the business must be completed; the plaintiff took and retained possession of the premises the defendant was to convey to him; and he never demanded of the defendant possession of the premises in question. Under these circumstances I think the equitable rights of the defendant were not at all affected by the action, but remained thereafter precisely as they were before. If the defendant could enforce a specific performance by the plaintiff before the suit, as I think it clear he might by performing on his part, the contract having been partly performed by exchanging possession of the lands and otherwise, sufficient to take it in equity out of the statute of frauds, he was entitled to it afterwards. Notice to the defendant that he must perform or the contract would be abandoned, and his omission to do so in a reasonable time, or something equivalent, was necessary to put an end to the contract. The delay which had occurred did not authorize the plaintiff to treat the contract as at an end, without such notice or similar act, especially as the

Beebe v. Dowd.

plaintiff had possession of the premises to be conveyed by the defendant.

There was some evidence tending to show that the defendant had failed to perform the contract on his part otherwise than by not giving the deed, but the decision of the cause was not placed on the ground of any such default; and the defendant is entitled to have that subject distinctly passed upon by a jury, or the court in place of a jury, at the circuit or special term.

The tender having been made before the answer, although after the suit was brought, the defendant might plead it and have the benefit of it. Such was the rule in equity in like cases under the old system, and I do not perceive any good reason why it should not prevail under the code. (*Willis* v. *Chipp,* 9 *How. Prac. R.* 568. *Houghton* v. *Skinner,* 5 *id.* 420. *Beals* v. *Cameron,* 3 *id.* 414. *Lyon* v. *Brooks,* 2 *Edw. Chan. R.* 110. *Brush* v. *Vandenbergh,* 1 *id.* 21. *Code,* § 177. 1 *Barb. Chan. Prac.* 140, 141.)

Strictly, a tender was not necessary to entitle the defendant to a specific performance. An offer in the answer to perform would be sufficient in the place of it, if even that was necessary. The defendant might have sustained an action for that relief without a tender; but the omission of a tender might affect the question of costs. (*Stevenson* v. *Maxwell,* 2 *Comst.* 408.)

My opinion therefore is, that the judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment accordingly

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]