## SUPREME COURT.

WILLIAM H. OWEN agt. EDGAR M. MASON.

Where the defendant, on the call of the cause at the circuit, stated that the case
was amicably *settled* between the parties, which was assented to by an attor-
ney for the plaintiff *not of record;* but the attorney of record of the plaintiff
objected, and produced a *notice of lien for costs,* served upon the defendant and
forbidding a settlement, except with the attorney of record for the plaintiff,
and the case was adjourned to enable the defendant to make such motion as
he might be advised for discontinuing the action,

*Held,* where the defendant's motion, to discontinue the action on the ground o
settlement, was subsequently denied, and he omitted, under leave then given, to
move for leave to file a supplemental answer setting up the facts of the settle-
ment, that, at a subsequent circuit, the plaintiff was regular in taking an inquest
in the cause.

*New - York Special Term, November,* 1859.
MOTION to set aside inquest, for irregularity.

WM. W. BADGER, *attorney of record for plaintiff.*
GEORGE TERWILLIGER, *attorney for defendant.*

MULLIN, Justice. Defendant moved in the above entitled
action to vacate an inquest taken therein, by the plaintiff's at-
torney, upon the following facts:

The action was reached at the special circuit in October,
before Justice ROOSEVELT, and moved for trial by the plain-
tiff's attorney, when the plaintiff appeared by another attorney,
not of record in the case, and stated to the court that the ac-
tion had been settled by the parties thereto, to their mutual
satisfaction, to which the defendant's attorney, also appearing,
assented, and moved to dismiss the complaint.

The attorney of record for the plaintiff objected, produced
a notice of lien served upon the defendant, forbidding a set-
tlement except with him as such attorney of record, and moved
for a judgment against the defendant for the amount of his

Owen agt. Mason.

taxable costs, to be adjusted by the clerk, on the ground that the settlement, being made without his consent, and in fraud of his rights, was void as to him, or amounted at most to a confession of judgment which entitled him to costs.

His honor declined to rule on the motions, but adjourned the case, and ordered the defendant to move at chambers, as he might be advised, to dispose of the case.

Defendant then moved at chambers before his honor Judge INGRAHAM, for an order discontinuing the case, on the grounds above mentioned.

The judge, on the 13th of October, denied the motion without costs, and intimated that the only motion the defendant could make was for leave to file a supplemental answer, setting up the facts of the settlement, and that the court would only allow such answer to be filed for such a purpose on payment of all costs of the plaintiff's attorney up to that time.

Defendant had leave to make such a motion, but never made it. When the cause was again reached at the circuit, the plaintiff's attorney of record took an inquest, the defendant's attorney being in court, but not appearing; and afterwards perfected judgment and issued execution thereon for $77, the amount of his costs.

· Defendant now moved to vacate said inquest and execution, for irregularity, on the ground that the case had been settled as aforesaid, and that the inquest was taken by the plaintiff's attorney, after an order from the plaintiff, forbidding him to go on with the case, and, therefore, without authority.

The inquest and execution are regular, and the motion must be denied with $10 costs.