RICHARD C. HENDRICKSON *ads.* GEORGE D. HUTCHINSON.

1. Matter of defence arising after the commencement of a suit cannot be set up under the general issue as a bar to the action.  The *actio non* relates to the commencement of the suit, and not the time of filing the plea, and only such defence as shows that the suit was not rightfully brought can bar the action generally.

2. If new matters of defence arise after action is brought they should be pleaded in bar of the further maintenance of the action, as in case of a plea *puis darrein continuance;* but in an action of *assumpsit,* where payment is made after the suit is commenced, although it does not bar the action generally, yet it may be shown under the general issue in reduction of damages.  An incomplete defence, going only to a part of the action, may be shown under the general issue.

3. In a suit brought on a promissory note, where all the parties who sign the note sign as principals, parol evidence is not admissible to show that either of them signed as surety.

4. The contract must stand as it appears upon its face, and in a court of law the issue must be tried as it is framed.  If one joint maker pay the note after suit is brought, he cannot prosecute the action for contribution in the name of the payee.

An action of *assumpsit* was brought in this court, by George D. Hutchinson against Richard C. Hendrickson and James C. Norris, to recover the amount of a joint and several promissory note given by said Hendrickson and Norris to said Hutchinson.  The summons was returned by the sheriff duly served on Norris, and not found as to Hendrickson.  Judgment by default was entered against both defendants.  Hendrickson had no knowledge of the suit until after judgment was entered and execution issued.  On his application, the judgment was opened and

set aside as to him; plea was filed and issue joined between Hendrickson and Hutchinson.

On the trial at the circuit, it appeared by the evidence that soon after the suit was commenced Norris paid Hutchinson $500 on the note, whereupon Hutchinson gave Norris an order on his attorney for the note, and agreed that the action should proceed in his name for Norris' benefit, and if Norris recovered the whole amount, he was to pay Hutchinson the balance. It also appeared that Norris signed the note as surety. The defendant insisted that Norris, being a joint maker, could not prosecute the suit for his benefit, and that parol evidence that Norris signed the note as surety was not competent. The defence and the objections to the evidence were overruled, and the court instructed the jury to find a verdict for the plaintiff for the amount of the note and interest. No written charge was delivered to the jury, it being agreed that the questions of law raised on the trial should be submitted to the Supreme Court on a motion for a new trial. The jury returned a verdict for the amount of the note and interest, and on the return of the *postea* the defendant obtained a rule to show cause why the verdict should not be set aside and a new trial granted.

Argued before the Chief Justice, and Justices OGDEN and VAN DYKE.

*Dutcher*, for defendant.

*Kingman*, for plaintiff.

The opinion of the court was delivered by

The CHIEF JUSTICE. The defence set up in this action was that, *pendente lite*, Norris, one of the co-promisors of the note upon which the action was founded, paid to Hutchinson, the plaintiff, a certain sum of money, being less than the amount due upon the note; that Hutchin-

son, in consideration of the payment, gave to Norris an order to his attorney to give up the note to him, and that the payment was accepted and received in full satisfaction of the note; that it was stipulated that the suit might proceed in the name of the plaintiff for the benefit of Norris, who claimed to be and was permitted to prove that he was only surety on the note, although apparently a joint promisor.

The action was *assumpsit*, judgment by default against both parties was entered, and the defendant, who was not served with process, was permitted to plead to the action, and put in the plea of *non-assumpsit*.

At the trial, the jury were directed to render a verdict for the plaintiff for the whole amount, and there was a verdict accordingly.

It does not appear by the case upon what the decision turned, nor what the court decided; upon this point we are left to conjecture. It should have contained the charge of the court to the jury, as the case was decided, it would seem, upon questions of law. The reasons assigned by the court might have satisfied our minds of the propriety of his decision better than the arguments of counsel.

From the course of the argument in this court it is fair to presume that the court below held the defence set up in bar of the action inadmissible upon one of three grounds.

1. That it arose after action brought, and could not be admitted under the pleadings and issue joined. Or,

2. That the defence attempted was no bar to the action, because a discharge of one joint and several promisor is no bar to an action against the other, unless the note be paid in full.

3. That the defendant could not avail himself of the payment made by his co-promisor, either because it was made *pendente lite*, or because, as surety, he was to be

Hendrickson ads. Hutchinson.

permitted to continue the action commenced against them jointly, for his own benefit.

Matter of defence arising after action brought cannot be set up as a bar to the action under the plea of the general issue in *assumpsit*.

The *actio non* relates to the time of commencing the suit, not the filing of the plea. Nothing can bar the action generally that does not show it was not rightfully brought. This was first decided in *Le Bret* v. *Papillon*, 4 *East* 502, in which the Court of King's Bench, Lord Ellenborough delivering the opinion, held that a plea that the plaintiff was an alien enemy at the time of plea pleaded was bad, holding it to be a settled rule of pleading that no matter of defence arising after action can be properly pleaded in bar of the action generally, but must be pleaded in bar of its further maintenance, as in case of a plea *puis darrein continuance*.

The same doctrine was held in *Lee* v. *Levy*, 4 *Barn. & Cres.* 390. Abbott, C. J., said, considering that the matter of defence insisted upon in this case arose after original sued out, we are of opinion, upon the authority of the two cases of *Evans* v. *Prosser*, 3 *T. Rep.* 188, and Le Bret *v.* Papillon, that it could not be pleaded in bar of the action generally, and consequently that it was not admissible in evidence under the general issue. *Worswick, administrator*, v. *Beswick*, 10 *B. & C.* 677.

These cases are recognized as law in *Covell* v. *Weston*, 20 *Johns.* 414, in *Boyd* v. *Weeks*, 5 *Hill* 393, and *Boyd* v. *Weeks*, 2 *Denio* 322. See also *Rundle* v. *Little*, 6 *Q. B.* 174.

In the last case Lord Denman said the rights of the parties at the trial are the same as they were at the commencement of the suit, or if they are changed a plea *puis darrein continuance* ought to place the new facts upon the record.

These cases rest upon sound principle, are founded upon well-settled rules of pleading, and should be adopted as the law of this court.

The bar set up by the defendant in this case was inadmissible for want of a proper plea. The defence was not within the issue; that was, that the defendant was not liable at the commencement of the suit.

But although the payment of the money after action brought was not a bar to the action generally, it does not therefore follow that it could not be shown in reduction of damages. An incomplete defence, one going only to a part of the action, although it cannot be pleaded or set up as a bar, may be shown under the general issue. *Boyd* v. *Weeks,* 5 *Hill* 394; *Wilmarth* v. *Babcock,* 2 *Hill* 194; *Mervin* v. *Kunbel,* 23 *Wend.* 293; *Herkimer M. and H. Co.* v. *Small,* 21 *Wend.* 277; *Shirly* v. *Jacob,* 2 *Bing. N. C.* 88; *Lediard* v. *Boucher,* 7 *Car. & P.* 1; *McMillan* v. *Wallace,* 3 *Stewart* 185; *Hudson* v. *Johnson,* 1 *Wash.* 10; *Bank* v. *Brackett,* 4 *New Hamp.* 557.

These cases establish the proposition that partial payment of the debt *pendente lite* may be shown in reduction of damages.

If Norris, the co-promisor, paid the $500 in part satisfaction of the whole amount due upon the note, it was, by operation of law, a payment for the benefit of both.

The authorities cited by plaintiff's counsel, as to the effect of a discharge of one joint maker, or joint and several makers, do not affect this question; this is a question of the *quantum* of damages, not of the maintenance of the action.

The evidence offered upon the trial, that Norris was surety, was not competent.

Its object was to show that the payment of $500 should not be allowed, because the suit was prosecuted for the benefit of Norris, who was the real plaintiff. The equities between the joint makers were not within the issue—both appeared upon the face of the note as principals.

In a court of law, the issue must be tried as it is framed; it was between Hutchinson and Hendrickson. Norris

could not let judgment go by default, and maintain an action for contribution *under cover* of Hutchinson.

The decision of these points disposes of the case without reference to the question whether the facts shown by the defence were competent to go to the jury as proof of a discharge of Norris, and therefore of Hendrickson.

Verdict set aside, and new trial granted.