We are of the opinion that the order of reference is without the sanction of law, and should be reversed.

Order accordingly.

## CARPENTER *a.* BELL.

*New York Superior Court; General Term, November,* 1863.

### PLEADING.—DEFENCES.—RELEVANCY.

In an action to recover moneys alleged to be due to the plaintiff from the defendant, a defence alleging that a third person had given defendant notice that he was owner of such moneys, and of any cause of action therefor, and demanded payment to himself, by virtue of an assignment from the plaintiff, is irrelevant.

A defence setting forth supplementary proceedings taken against the plaintiff by a judgment creditor, in which the plaintiff and the defendant had been forbidden to transfer, dispose of, or interfere with the property of the plaintiff, is not irrelevant.

If the allegations of a defence are pertinent to the controversy, their sufficiency is only to be tested by demurrer or on the trial.

A defence set up in an original answer, is not to be struck out as irrelevant, merely because the matter of it arose after suit brought.

Appeal from an order striking out the third and fourth defences from the defendants' answer.

The action was brought against William J. Bell, Robert Courtney, and Samuel A. Hill, to recover from them $8,200, alleged to be due to the plaintiff from them, for stock sold by them as his brokers.

The answer of the defendants admitted that there was a balance of $5,528.70 due from them, upon the transactions stated in the complaint. For the third and fourth defences it alleged, " 3. That on or about the 12th day of June, 1862, one Nathaniel A. Cowdrey duly recovered in this court a judgment against the plaintiff in this action, for the sum of $1,401.99 ; which judgment was duly docketed, and a transcript thereof filed in the office of the clerk of the city and county of New York ; that thereupon said Cowdrey duly issued an execution, to collect the amount of the said judgment, to the plaintiff of the said city and county, within which county the said Jacob Carpenter then resided, or had a place of business ; that the said execution was, sixty days after the issue thereof, returned by the said sheriff wholly unsatisfied ; that thereupon afterwards, and on the 9th day of September, 1863, it was made to appear, on behalf of the said Cowdrey, to the Honorable JOSEPH S. BOSWORTH, chief-justice of this court, that said judgment had been recovered, and the said execution issued and returned as aforesaid, and that the said judgment was still wholly unsatisfied, and that the said Carpenter still resided within the city and county of New York ; and, further, that these defendants were indebted to the said Carpenter, or had property of his in their possession, to an amount exceeding ten dollars ; whereupon the said chief-justice, on the said 9th day of September, 1863, duly made an order, requiring these defendants and the said Carpenter to appear and answer on oath concerning the property of said Carpenter, at the chambers of the said court before the said chief-justice, at a time specified by the said chief-justice in the said order ; and forbidding these defendants and the said Carpenter to make any transfer or other disposition of, or any interference with, the property of the said Carpenter ; of which said order these defendants and the said Carpenter, as these defendants are in-

formed, had due notice; and the said order still remains in
force.    Whereby, as these defendants are informed and believe,
the said Cowdrey acquired a specific lien upon the demand set
forth in the complaint in this cause, and became solely en-
titled to collect the same, and reduce the same to possession;
and that the right of action of the said plaintiff for the same, or
any part thereof, was and is wholly suspended.

"4. And these defendants, further answering, show to the
court, that on the 10th day of September, 1863, one George
W. Markham, of the city of New York, caused to be served on
these defendants a notice, that he, said Markham, was the owner
of the moneys for the recovery of which this action is brought;
and also of any and all causes of action the said plaintiff may have
against these defendants; and notifying these defendants to
pay over such moneys to him, or his authorized attorney, and
to no other person; as he is the owner of the same, by virtue
of a sale and assignment to him by said plaintiff, Jacob Car-
penter."

These defences the plaintiff moved to strike out as irrelevant
and frivolous, and also that Markham be substituted as plaintiff.

The motion was heard before Mr. Justice BARBOUR, at a
special term, October, 1, 1863, who granted it as to the plead-
ing, without prejudice to the defendants moving for leave to
file a supplemental complaint setting up the same matters.

From this order the defendants appealed.

*Samuel G. Courtney*, for the defendants, appellants.—I. The
order should be reversed.    The "third" and "fourth" defences
are well pleaded.

1. The alleged matters could not be taken advantage of ex-
cept by answer.    (*Code of Pro.*, §§ 144, 147, 148, 150, subd. 2.)

2. The "third" defence is an equitable as well as legal one.

3. The fourth defence existed at the time the answer was put
in, and was properly pleaded.

4. Although the plaintiff in this motion asked for substi-
tution of Markham as plaintiff, he waived that on the argu-
ment; and, therefore, as the case stood at the time the answer
was put in, and as it stands now, the fourth defence was, and
is, properly pleaded.

II. It is not the rule that any matter arising after the com-

mencement of the action, and before answer, cannot be pleaded, except by special leave of the court. The Code intended that any defence existing at the time the defendant answers, can be set up by way of answer. (See *Code*, §§ 150, 177; Willis *a.* Chipp, 9 *How.*, 568; Williams *a.* Hernon, 16 *Abbotts' Pr.*, 173.)

III. The plaintiff could not, under the third defence, make this motion.

1. The plaintiff was forbidden by the order referred to, in defence "third," from making any transfer or other disposition, or any interference with his property.

2. Such a motion is a direct violation of the said order, and a contempt in the presence of the court making said order.

*A. R. Dyett*, for the plaintiff, respondent.—I. The matter pleaded arose after commencement of suit, and could only be pleaded by way of supplemental answer by leave of the court. (*Code*, § 177.)

II. The matter was only a partial defence, and a defence must be to the whole cause of action.

III. The defences at best were "transfers of interest" after suit commenced. (*Code*, § 121.)

They were not defences to the action, any more than they would have been before the Code.

IV. The supplementary order set up created at best but an inchoate lien in the creditor. No final order had been made. Could the court at *nisi prius* direct a verdict for the defendants on those issues? Clearly not, and therefore it is no defence.

V. The defendants are not without remedy. The proper course was for the defendants to go on and try the action, and if a recovery was had, to apply to the court by motion to stay the collection of the judgment until the supplementary proceedings were at an end, or they might be relieved under section 122 of the Code.

VI. But the supplementary order has since been vacated and set aside, and the court ought not to entertain this appeal.

By the Court.*—Bosworth, C. J.—Appeal by the defend-

---

* Present—Bosworth, Ch. J., White and Monell, JJ.

ants from an order, dated October 1, 1863, striking out the defences marked *third* and *fourth* as irrelevant and frivolous.

There is no provision in the Code authorizing a defence to be stricken out as frivolous. Sham and irrelevant answers and defences may be stricken out. (*Code*, § 152.) A plaintiff may demur to an answer containing new matter, where, upon its face, it does not constitute a counter-claim or defence; and a plaintiff may demur to one or more of such defences. (*Ib.*, § 153.) If an answer be frivolous, the plaintiff may move for judgment on that ground. (*Ib.*, § 247.) If the motion be granted, the answer is not stricken out, but remains on the record. (Briggs *a.* Bergen, 23 *N. Y.*, 162.)

The order can be upheld, if these defences are irrelevant, but not otherwise. A defence is irrevelant which has no substantial relation to the controversy between the parties to the action. Kurtz *a.* McGuire (5 *Duer*, 660) is an illustration.

The allegations constituting the defence marked *fourth*, even if true, have no substantial relation to the controversy between the parties. They do not tend to show any averment of the complaint to be untrue, nor present any ground for denying to plaintiff a recovery of the whole amount claimed. Any mere notice that third persons may have given to the defendant is wholly extraneous to the controversy, and is clearly irrelevant.

The allegations forming the *third* defence are pertinent to the controversy, unless their effect be avoided by facts not appearing on the record : they show, *prima facie*, that N. A. Cowdrey has acquired a lien on the amount due from the defendant to the plaintiff to the extent of the amount of his judgment. But until an order is made that the defendant pay such amount to Mr. Cowdrey, his right to receive it from the defendants is not absolute. The defendants and Carpenter are enjoined from making "any transfer, or any other disposition of, or interference with the property of said Carpenter," assuming the order to be correctly described in the answer.

Whether this does or does not interfere with the plaintiff's and defendants' right to litigate the suit, and determine by verdict the extent of the defendants' liability, need not be now decided. If an order to pay Cowdrey shall then have been made and be in force when a verdict shall be rendered, it will protect and prohibit the defendants from paying *pro tanto*, to

Carpenter. That there are not enough allegations to make a perfect partial defence, may render it demurrable, but does not make it irrelevant. The allegations are relevant or pertinent, but insufficient, perhaps, to constitute a defence. Whether they constitute a defence, must be determined upon a demurrer to this defence, or at the trial.

As to the suggestion that the facts constituting this defence arose since suit brought, and can only be set up in a supplemental answer on leave of the court first had; it may be replied, that no answer had been put in prior to the one in question. There is no answer to which a supplemental one can be made. The defence is none the less relevant, even if it be true that the answer is irregular, because put in without leave of the court. All that can be said in that view of the law is, that the answer was interposed irregularly, but not that the matter in it is, for that reason, irrelevant.

There is another answer to the suggestion. In actions at law, prior to the Code, a defendant could plead, as a matter of course and of right, any defence arising after suit brought, and before the time to plead had expired. But instead of being plead in bar, it was plead to the further maintenance of the suit. (Covell *a.* Weston, 20 *Johns.*, 414; Boyd *a.* Weeks, 2 *Den.*, 321–322; 2 *Chitty Pl.*, 906, 913.) This, however, was a matter of form, rather than of substance. If true and sufficient, it prevented a recovery by the plaintiff.

The same rule obtained in the Court of Chancery. A defendant could state in his answer matter arising before it was put in, and after suit brought. (Lyon *a.* Brooks, 2 *Edw. Ch.*, 110.)

The question, in cases arising under the Code, was decided the same way by an able judge, in Willis *a.* Chipp (9 *How. Pr.*, 568). No adverse decision has been cited. The defence could not be struck out as irrelevant, merely because it arose after suit brought.

It was discretionary with the judge to refuse to permit Markham to be substituted as plaintiff.

So much of the order as strikes out the *third defence* as irrelevant, should be reversed; in other respects it should be affirmed, without costs to either party.