WILLIAM C. CARPENTER *v.* LANDON R. GOODWIN.

In an action on a judgment, the defendant will not be permitted to show, under a general denial, that the judgment sued on was, subsequent to its entry, vacated by order of court. The vacation of the judgment should be specially pleaded, as matter in avoidance.

Where such an order is put in evidence, under a general denial, in a suit on the judgment, and no application is made to the court at the trial to amend the pleadings, the judgment will, on appeal, be reversed, and the court will refuse to disregard the defect, or to order the amendment to be made *nunc pro tunc*.

APPEAL from a judgment of this court, entered on a decision of the court at a trial before Judge VAN BRUNT, without a jury. The facts are stated in the opinion.

*F. H. B. Bryan*, for appellant.

*R. W. Van Pelt*, for respondent.

BY THE COURT.*—ROBINSON, J.—The claim in suit was founded upon a judgment alleged in the complaint to have been given and entered in the Supreme Court, on the 7th day of January, 1868. The suit was commenced in March, 1868. The answer, served in July, 1868, simply denied each and every allegation in the complaint. On the trial, a judgment roll was produced and given in evidence, establishing the recovery of the judgment as alleged in the complaint.

Defendant then offered in evidence an order of the Supreme Court, made or dated April 29th, 1868, vacating the judgment, which was objected to: 1st, because made subsequent to the commencement of the suit, and inadmissible under the answer; 2d, that it could only be admitted on order and by way of supplemental answer.

It was, however, admitted in evidence against the objec-

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

tions, and plaintiff excepted.    Being thus proved, judgment was given for defendant, from which this appeal is taken.

In the admission of this testimony there was an error.

It is true, the Code allows the defendant, by answer, to make available as a defense whatever has transpired previous to its being interposed.

This is contrary to the former rule, by which the pleadings all had reference to the state of facts existing at the date of the declaration in the action, and a defense thereafter arising could only be specially pleaded (*Boyd* v. *Weeks*, 2 Den. 321).

Under the Code, however, the validity of the pleading is to be tested, as to the state of facts when it is interposed (*Beals* v. *Cameron*, 3 How. Pr. R. 414; *Willis* v. *Chipp*, 9 Id. 568).

The issue being alone as to the alleged recovery of the judgment, the general denial could only allow proof as to that fact, and, in no way, presented any question as to the judgment having been subsequently vacated.    The plaintiff established his case by production of the judgment roll, and defendant was allowed against objection and exception to maintain a defense in no way suggested by way of answer by introducing the subsequent order vacating it.    This order constituted no part of the judgment roll.    Section 281 of the Code directs that the clerk, immediately after entering judgment, shall attach together the following papers (sub. 2), the complaint having been answered: "the summons, pleadings or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment, *which shall constitute the judgment roll.*"

The order subsequently entered, vacating the judgment, constituted no part of the judgment roll, but was "an order affecting a substantial right, made upon a summary application in an action after judgment," and was, in itself, the subject of a separate appeal from that which might be taken to the Court of Appeals from the judgment (Code, § 11, sub. 3).

Being of subsequent occurrence, it depended for its validity upon other considerations than the mere fact of the making and entry of the judgment, at the time and to the

effect alleged, and if the defendants, when answering the complaint, had intended to present the subsequent *vacation* of the judgment, that fact should have been specially pleaded.

The court having, so far as appears, jurisdiction in the action, the judgment, once perfected, however irregular in form or entry, was not void, but only *voidable*, and any matter of allegation, attacking directly or collaterally its force or effect, or its right to "full force and credit," ought to have been specially pleaded.

The court on the trial, even if the power existed, was not asked to allow the amendment to the pleading, interposing any such new and distinct defense, and it was not in its power to allow the introduction of evidence of such undisclosed ground of resistance to the plaintiff's claim, and thus "conform the pleadings to the facts proved" (Code, § 173).

Although, on a trial, immaterial variances in the pleadings and proof may be disregarded (Code, § 169), still, if objection be taken, a change in the pleading "changing substantially the claim or defense" can only be made upon such terms "as shall be just."

In the present case no application was made or allowed to amend the answer, by adding this new defense, and evidence to establish it is inadmissible.

A judgment in an action must be warranted by what has been alleged and proved.

In *Wright* v. *Douglass*, 25 N. Y. 270, the court says, "The whole scope of the provisions of the Code in respect to pleadings and amendments thereof, implies that all the material allegations of the plaintiff or defendant shall be spread on the record, shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record, so that it shall show the questions really litigated and decided. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata ;* and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to

try the issues made by the pleadings, and courts have no right *impromptu* to make new issues for them on the trial, to their surprise or prejudice, or to find judgment *not put in issue and distinctly and fairly litigated.*"

Upon these views, the admission in evidence of the subsequent order vacating the judgment without answer, asserting such special avoidance of its legal force and effect, was clearly inadmissible, and the judgment should, for this reason, be reversed, and a new trial ordered, with costs to abide the event.

Judgment reversed.