# N. Y. SUPERIOR COURT.

FREDERICK W. DIETZ, agt. ARCHIBALD McCALLUM, *et al.*

Where the defendants in this case procured a *settlement*, with the design to deprive the plaintiff's attorney of his costs, *held*, that they could not be permitted to have the benefit of a discontinuance or of a supplemental answer showing settlement without payment of the costs of the action up to the present time.

*At Special Term, February*, 1873.

MOTION by defendants for discontinuance of action, or for leave to serve a supplemental answer showing settlement.

MR. LAUTERBACH, *for the motion*.
G. STORMS CARPENTER, *opposed*.

FREEDMAN, *J.*—Although, as a general rule, an attorney has no lien for costs as against the adverse party until a judgment is entered, or at least a verdict obtained, and for that reason the parties are at liberty to settle the suit between themselves before verdict or judgment, yet where such settlement is privately effected with the design of preventing an attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action, that he may thereby secure himself. Where there is collusion, it can make no difference whether the damages are liquidated or not. The power of the court is not limited to cases where the action is brought for a liquidated sum, but it interposes upon the general principle that it is equitable and right to protect the attorney against a dishonest combination between the parties to de-

prive him of the fruits of his labor and services (*Rasquin* agt. *The Knickerbocker Stage Co.*, 12 *Abb.*, 329 ; *Keenan* agt. *Durfinger*, 19 *How.*, 153, 12 *Abb.*; 327, *note* ; *McDowell* agt. *The Second Av. R.R. Co.*, 4 *Bosw.*, 670 ; *Owen* agt. *Mason*, 18 *How.*, 156 ; *Wood* agt. *The Trustees of the Northwest Presbyterian Church*, 7 *Abb.*, 210, *note*).

In the two last named cases it was further said that a judgment procured by the attorney, subsequent to the settlement between the parties, for his taxable costs was regular, but that the judgment might be opened as matter of favor, to allow the defendant to try the case if he desired. That on such trial the defendant could not prove a settlement without having filed a supplemental answer setting it up, and that the court would allow such an answer, for such a purpose, to be filed only on payment of all the costs of the action up to that time.

As I am satisfied that the defendants in this case procured the settlement with the design to deprive plaintiff's attorney of his costs, I cannot permit them to have the benefit of a discontinuance or of a supplemental answer without payment of the costs of the action up to the present time. The motion is therefore granted, but upon the condition referred to, and unless such condition be complied with within twenty days, the motion is denied with $10 costs.