### N. Y. MARINE COURT.

AGNES REIMER agt. GUSTAVE A. DOERGE *et al.*

*Pleading — Practice — Effect of plea of payment of cause of action after suit brought, but before answer.*

A defendant may set up in his answer any matter arising before it is put in, whether it occurred after suit brought or not.

Although not a plea in bar, it is an answer to the further maintenance of the suit, and, if true and sufficient, is equally effective in preventing a recovery.

In an action brought against the defendants as sureties upon an undertak-

Reimer agt. Doerge *et al.*

ing on appeal, the appeal being dismissed on May 2, 1881, and by such dismissal the liability of the sureties became fixed and on the same day an execution upon the judgment was issued, which the defendant satisfied by paying the same to the sheriff on May 18, 1881. The action was commenced four days prior to such payment, and defendant pleaded as a defense the payment of the judgment debt to the sheriff:

*Held,* that the plaintiff having elected to try the issue and upon the trial the plea of payment as pleaded being fully proved, there must be judgment for the defendants, with costs.

*Trial Term, June,* 1881.

THIS action was brought against the defendants as sureties upon an undertaking on appeal from the special to the general term of the court of common pleas. The appeal was dismissed on the 2d of May, 1881, and according to the terms of the undertaking the liability of the sureties became fixed. On the same day an execution upon the judgment was issued, which the defendant therein satisfied by paying the same to the sheriff on the 18th of May, 1881. Four days prior to such payment this action was commenced, and the defendant pleaded as a defense the payment of the judgment debt to the sheriff. This is the issue presented for trial.

*J. P. Schuchman,* for plaintiff.

*Henry Wehle,* for defendants.

McADAM, *J.*— There are authorities holding that a defendant may set up in his answer any matter arising before it is put in, whether it occurred after suit brought or not (*Willis* agt. *Clipp,* 9 *How. Pr.,* 568; *Carpenter* agt. *Bell,* 19 *Abb. Pr.,* 263; *Bennett* agt. *Annesly,* 27 *How. Pr.,* 184; *Beebe* agt. *Dowd,* 22 *Barb.,* 255). That although not a plea in bar, it is an answer to the further maintenance of the suit, and, if true and sufficient, is equally effective in preventing a recovery (*Carpenter* agt. *Bell, supra*). The plaintiff cannot now object to the regularity of the plea, after having accepted it by going

to trial upon the issue presented by it. If it was irregular for any reason, the remedy against it was one of practice to be determined upon motion before the trial. The plaintiff elected to try the issue, and upon the trial the plea of payment as pleaded was fully proved. It follows, therefore, that there must be judgment for the defendants, with costs.