By the Court.—Horace Russell, J.
The only question raised by this appeal is, whether the payment by the defendant of the $88—the only sum due the plaintiff, as found by the learned judge below—after suit brought and before the answer was served, relieved the defendant from the payment of the costs of the action.
There can be no doubt, that a defendant may plead anything occurring before answer, amounting to a defense—not as a defense, but as a bar to the further maintenance of the suit; and after answer served, a defendant is usually permitted, upon terms, to set up by supplemental answer any facts which would bar the further maintenance of the suit. Before the Code, it was a matter of course to permit a plea puis darrein continuance to be filed. While it was done by the order of the court, that was merely a matter of form (Bate v. Fellowes, 4 Bosw. 638). Since the adoption of the Code, it is almost as much a matter of course to permit the filing of a supplemental answer, but it is at the same time, almost as much a matter of course to impose the payment of the accrued costs, as a condition, and such other conditions as the justice of the case may demand. But I do not understand that the filing of a plea puis darrien continuance, before the Code, relieved a defendant from the payment of the accrued cost, such as there would be, if there had been a continuance. Since the Code it is usual, as I have said, to make provision on that subject - in the order *452 permitting the supplemental answer. The original answer in this case was delayed until after the defendant paid to the Commissioner of Public Works the amount of that portion of the plaintiffs claim, which the judge held the plaintiffs entitled to recover.
There are several objections to the defendant’s position. In the first place, his answer does not constitute a plea puis darrein continuance. It alleges payment generally, and as the rights of the parties were to be determined by the condition of affairs at the time suit was brought, the plea of payment in the answer ought to be held to relate to the time of the beginning of the action. There are no words in it to indicate that the payment was made after the complaint was served.
In the next place, by the covenant in the lease if the tenant failed to pay the water rates before August 1, they were to be added to the quarter’s rent then due. The lessors were primarily liable to the public authorities for the water rate. The defendant became liable to pay them only in consequence of the terms of the lease. His failure to pay before August 1, raised a contract debt from him to the plaintiffs which he could not thereafter discharge by payment to a third person, even though that third person were the one to whom he had originally agreed to pay. Payment to the third person, then, without the order, certainly without the knowledge, of the plaintiffs, was not good payment of a debt which, by the terms of the lease, was then owing directly to the plaintiffs. It is much more than doubtful whether the defendant’s plea of payment in his answer was sustained by the proof, and whether, if technicalities were to be adhered to, the judge below had the right to give the direction that the amount of the defendant’s payment should be credited upon the judgment docketed by the clerk. It may be that the receipt of the sum sued for, after suit, would amount to a waiver of costs (Bendit v. Annesley, 27 How. Pr. *453 184; Willis v. Chipp, 9 How. Pr. 568). And it was held in Brown v. Richardson (7 Robt. 57), that where leave was given to file a supplemental answer alleging payment, it was to be assumed that provision for accrued costs was made on the motion, so that the final costs could follow the judgment. But Reiner v. Doerge (61 How. Pr. 143), and the cases cited therein, do not support the proposition that the general defense of payment to an action for a debt due a plaintiff, is made out by proving that after suit brought the defendant paid the sum sued for to the plaintiff’s creditor.
The Code has expressly fixed the method by which a party may stop the running of costs against him, by tender after suit brought (§ 731): or, by offer to compromise (§ 738). The plaintiffs were entitled to the costs which accrued up to the time of the payment in any event.
If the defendant wished to stop the running of costs against him, he should have either tendered the amount and costs accrued up to that time, or made the offer contemplated in section 738.
The judgment below was more favorable than the defendant had a right to expect. It should be affirmed, with costs.
Freedman, J., concurred.