GALLISON & HOBRON CO. *v.* RAWAK.

(*City Court of New York, Special Term.* February 8, 1889.)

ATTORNEY AND CLIENT—COMPENSATION—LIEN—HOW ENFORCED.

Where, two or three days after the service of summons in an action, defendant paid the amount demanded to plaintiff without the knowledge of plaintiff's attorneys, such attorneys, on the failure of defendant to appear or answer, may have judgment entered against him for the entire amount, and may enforce it to the extent of the costs accruing before the payment of the claim.

Action by the Gallison & Hobron Company against Henry Rawak. After the action was commenced, the parties entered into the following stipulation: "The plaintiff and defendant, Rawak, hereby agree to the following state of facts: This action was commenced by the service of a summons and complaint on defendant, Rawak, on the 24th day of December, 1888, for the recovery of a claim of $75, which is conceded to have been due. Upon the 26th day of December, 1888, said Rawak paid $25 of the said claim, and on the 27th following $50 more; both payments being made to the plaintiff, and without the knowledge of plaintiff's attorneys. Defendant has never appeared, demurred, or answered in the action. Plaintiff's attorneys claim that costs and disbursements had accrued to the amount of $16 before said payments were made, which said defendant refuses to pay. The plaintiff is abundantly able to pay these costs. The plaintiff's attorneys claim the right to enter judgment upon defendant's failure to appear or answer, and have execution thereon for the collection of the said costs, which right the defendant,

Rawak, denies, and agrees upon the statement of facts for submission to the court for its direction in the premises. No costs to either party on this submission."

*Freeman & Green*, for plaintiff. *Arthur Murphy*, for defendant.

McADAM, C. J   The defendant being in default for want of an answer, the plaintiff's attorneys have the right to enter judgment for $75, (the amount claimed,) with costs, and enforce it to the extent of the costs. *Wood* v. *Trustees*, 7 Abb. Pr. 210, note; *Owen* v. *Mason*, 18 How. Pr. 156. If the defendant had appeared, and pleaded the payment, and the plaintiff had proceeded to trial on the issue, the plea would have defeated the action. *Rice* v. *Childs*, 28 Hun, 303; *Reimer* v. *Doerge*, 61 How. Pr. 142. Upon receiving such a plea, the plaintiff's attorneys could have obviated its effect, and protected their lien, by obtaining an order permitting them to prosecute the action for the enforcement of said lien, (*Goddard* v. *Trenbath*, 24 Hun, 182; 1 Bliss, Code, 50, note *c*,) which is in no way affected by the settlement made by the parties, (Code, § 66.) All the plaintiff's attorneys would have to prove would be a cause of action in their client at the time the suit was commenced. Their lien attached to that, and was not impaired by what the parties themselves did afterwards. The defendant being in default, it will not be opened except on payment of all costs to date, (*Dietz* v. *McCallum*, 44 How. Pr. 493,) on payment of which the plaintiff will be permitted to discontinue, without costs. These various provisions of the practice work harmoniously together in aid of the general policy of the law to protect an attorney in his lawful costs whenever he invokes its protection against acts of his client operating or tending to operate to his prejudice. The plaintiff's attorneys are, therefore, clearly entitled to their costs.