---
*Hasbrouck v. Shuster.*

---

The bill must be dismissed, with costs.

*Affirmed 8 Barb. 537*

---

ULSTER SPECIAL TERM, October, 1848. *Parker*, Justice.

HASBROUCK and others, adm'rs, &c. and others, *vs.* SHUSTER and others.

It is improper to file a supplemental bill where there is no alteration in the interests of the parties, and no particular circumstances requiring further discovery, and the relief is not varied by the subsequent matter, but the plaintiff may have all the relief to which he is entitled, under the original bill.

But a supplemental bill may be filed where facts have occurred subsequent to the

filing of the original bill, which vary the relief to which the plaintiff was entitled under the original bill.

Thus where a bill is filed by legatees, for the purpose of collecting legacies charged upon real estate in the hands of devisees, under which bill the plaintiffs would be entitled to a decree for the sale of the real estate for the payment of their legacies, and an agreement is subsequently made between the legatees and devisees which would, in addition to that relief, warrant a decree against the defendants personally, a supplemental bill is proper.

IN EQUITY. This was a demurrer to a supplemental bill. The original bill was filed in 1830 by David A. Hasbrouck and others, for the purpose of collecting certain legacies the payment of which was charged upon lands, under the last will of Lewis Brodhead deceased. The bill had been amended and revived by stipulation, so as to be adapted to changes of parties that had taken place at different times. After showing what facts had been set forth in the original bill, it was alleged in the supplemental bill, among other things, that since the filing of the original bill the plaintiffs had been for a time in the possession of the lands devised, under an agreement with the defendants to whom the same were devised, that the rents and profits should be applied towards making permanent improvements thereon, and that they had been so applied; and that in 1843 an agreement was made between David A. Hasbrouck for himself and others claiming the legacies, of the one part, and Lewis Brodhead, one of the defendants, for himself and the other defendants, that the plaintiffs should surrender up the premises to the defendants, and that the defendants should pay to the plaintiffs the legacies, and the costs of the suit then pending; and that the premises were surrendered to the defendants accordingly; that David A. Hasbrouck died soon afterwards, and that his representatives did not learn of said agreement until long afterwards; the fact of the making of said agreement not having been communicated to them by the said defendants. And that the defendants refused to carry the agreement into effect. Other matters were alleged, in the supplemental bill, to which bill the defendants excepted for impertinence.

*J. Van Buren* of Kingston, for the plaintiffs.

*M. Schoonmaker*, for the defendants.

PARKER, J.    The rule is well settled, as claimed by the defendants' counsel, that where there is no alteration in the interests of the parties, nor any particular circumstance requiring further discovery, and the relief is not varied by the subsequent matter, but the plaintiff might have all the relief to which he is entitled, under the original bill, a supplemental bill is improper. (*Adams* v. *Dowding*, 2 *Mad.* 59.   *Milner* v. *Harewood*, 17 *Ves.* 144.)   This supplemental bill is not sought to be sustained on the ground of a change in the interests of parties ; nor could it be supported for the purpose of a discovery, no answer on oath being required.   If it can be sustained at all, it is on the ground that the facts subsequently occurring vary the relief to which the plaintiff is entitled under the original bill. Upon this latter ground, I think the supplemental bill properly filed.   Under the original bill the relief would have been a sale of the premises declared subject to the equitable lien.   But the agreement set forth in the supplemental bill would, in addition, have warranted a decree against the defendants personally, on their undertaking.   As admitted by the demurrer, it was a valid agreement, made for a good consideration and binding on the defendants, who were equitably bound to pay the legacies, if the land was of sufficient value, and who received, under it, the possession of the premises.

It is further objected that the facts on which the supplemental bill rests can only be properly brought before the court by an original bill, or a new suit.   The answer to this objection is that these facts do not alone present the plaintiffs' case.   If a suit were brought on the subsequent agreement, it would be proper, and I think necessary, to allege as a consideration for the defendants' promise, the legacies to the plaintiffs and the equitable lien pre-existing on the lands charged.   To set forth properly the whole case, in such a suit, would be to allege the facts appearing in this suit in both the original and supplemen-

tal bills. An allegation of the supplemental facts alone would not be sufficient. I see no more propriety for requiring a new original bill, to give the plaintiffs the benefit of the agreement, than there would be to reach property acquired by a defendant after the filing of a creditor's bill. In such a case a supplemental bill may be filed. (*Eager* v. *Price*, 2 *Paige*, 337.) In both cases, the previous as well as the subsequent facts are necessarily to be considered together, in awarding the requisite relief. The supplemental facts and circumstances are material and beneficial to the merits of the original cause, and not merely such as bear, as evidence, on the facts in issue in the original cause. (*Story's Eq. Pl.* § 337.)

I think it is right that the plaintiffs should have all the facts before the court, to enable it to judge properly of the case, and that the demurrer is not therefore well taken. (2 *Barb. Ch. Rep.* 61, 67. *Candler* v. *Petit*, 1 *Paige*, 168. 1 *Hoff. Ch. Rep.* 398.) The exceptions to the supplemental bill are well taken, and must be allowed. As the costs of the exceptions would probably about equal the costs on the demurrer, no costs on the demurrer or exceptions will be allowed to either party. And the defendant must answer the supplemental bill within twenty days.

----

Monroe Special Term, October, 1848.     *Welles*, Justice.