## SUPREME COURT

### JOHNSON agt. SNYDER.

Where one copartner, with the consent of the other, made an assignment of a portion of the partnership property for the payment of partnership debts; and an original bill was filed for a partnership account, but before the appearance of the *assignee* as one of the defendants, he died; and a trustee having been appointed by the court in his place. *Held*, that such trustee was a necessary party, and that the proper way to make him such was by *supplemental bill*. Otherwise, if he had been the only party defendant.

A supplemental bill in such case, although it sets out at length the allegations contained in the original, is not for that cause demurrable.

*New York Special Term, November* 1852.   *Demurrer to Supplemental bill.*

     T. E. STEWART, *for Defendant.*

     J. N. PLATT, *for Plaintiff.*

EDWARDS, Justice—It appears from the original bill that Johnson, with the assent of Snyder, made an assignment of a portion of the partnership property for the payment of the partnership debts. The original bill was filed for a partnership account, and the assignee was a necessary party, as there could not be a complete accounting unless it should be ascertained how far the assigned property had been applied in payment of debts. Upon the death of Schenck, the original assignee, and the appointment of a new trustee by this court, it became necessary that such new trustee should be made a party to the suit; and the proper way to make him such party was by a supplemental bill (*King vs.* Donelly, 5 *Paige,* 46; 3 *P. Williams,* 351); and the fact

that Schenck had not appeared to the original bill, is no objection to this method of continuing the suit. If he had been the only party defendant, a new original bill would have been proper.

I do not think that it was necessary to set out at length, the allegations contained in the original bill; but it does not follow that for that reason the bill is demurrable. The supplemental bill does not call upon Snyder to make answer to any except the supplemental bill, and if there is any unnecessary prolixity he is not injured by it.

The demurrer is overruled, with leave to the defendant to answer in twenty days.