Spier, Kinnicutt and others agt. Robinson, Greenfield, and another.

## SUPREME COURT.

SPIER, KINNICUTT, AND OTHERS, agt. ROBINSON, GREENFIELD, AND ANOTHER.

A *devisee*, claiming a specific performance of a contract for and the rents and profits of certain premises devised to him, in a supplemental complaint, is not bound to make the heirs at law parties plaintiffs. Nor is he bound to make them parties defendants unless the validity of the will is to be questioned.
Where the plaintiffs in the original bill might have been entitled to an account

of the rents and profits, as prayed, on their death, the right to such account would vest exclusively in their personal representatives; but the personal representatives could not unite with the heirs at law or the devisees of the real estate as plaintiffs in a supplemental complaint for such account accruing prior to the death of the original plaintiffs.

A claim for a specific performance of an alleged contract to convey real estate, and for payment of a reasonable sum for the use and possession thereof, is not setting up two distinct causes of action which can not be legally united.

Where the object of a supplemental complaint is to revive a former action and to proceed in that action against the same defendants, a demurrer alleging that it does not state facts sufficient to constitute a cause of action will not lie, because it is not intended to state facts constituting a cause of action.

If the plaintiff alleges in a supplemental complaint that he is the devisee of all the interest which his father had in the subject of the suit, the defendants are at liberty to put that fact in issue; but if they demur, because the plaintiff does not show that the will was properly executed and proved to give him an exclusive right to claim as devisee, they admit the fact.

All persons entitled to have a deed executed must join in the suit to compel the execution, and in the offer to perform the contract on their part.

Section 121 of the Code relates to actions which would thereafter abate, and not to actions which had abated before the 1st July, 1848.

Therefore a suit in equity which abated, by the death of the complainants, prior to July 1, 1848, must be decided under the Revised Statutes and the former practice of the court of chancery.

A devisee can obtain the benefit of a former suit only by an original bill in the nature of a bill of revivor. He can not revive the suit by a bill of revivor or by petition.

*Saratoga Special Term, Feb.* 1854.    The original bill was filed by Joseph Spier and John Kinnicutt against Issachar Robinson and Richard Greenfield, in order to compel Issachar Robinson to convey to the said Joseph Spier and John Kinnicutt a certain piece of land situate in the town of Edinburgh in the county of Saratoga.

To show that the complainants in the original bill were entitled to the relief demanded, they alleged among other facts, that in May, 1824, the said Robinson by contract in writing agreed to convey to the said Greenfield the said piece of land for $700, payable, $100 in November, 1824, and the residue in three annual payments of $200 each, with interest annually. That in March, 1835, the said Greenfield being largely indebted to them, and to pay a part of that indebtedness, he offered to convey to them the said piece of land, and informed them that $50 or $60 only remained due on the contract to the said Rob-

Spier, Kinnicutt, and others, agt. Robinson, Greenfield, and another.

inson. They informed the said Robinson of their intended purchase of the said piece of land, and inquired of him what sum was due upon the said contract, and he said $100 remained unpaid on the contract, and did not pretend that there existed any legal or equitable objection to giving a deed for the said premises. Afterward the said Greenfield gave them a quit claim deed of the said land and assigned and set over to them all his interest in the said land and to the said agreement, and he then promised to give them the possession of the said land, and instead of doing that he surrendered the possession to the said Issachar Robinson. That he took possession, well knowing the arrangements which had been made between them and the said Greenfield. That soon after the said Robinson took possession, the complainants, or one of them, called on him and informed him of their agreement with the said Greenfield, and requested the said Robinson to give up the possession to them and receive the amount of purchase money from them then due upon the contract, which he refused to do, and pretended that there was at least the sum of $250 due on the said contract; and they allege that all the purchase money had been paid except a sum not exceeding $60.

That in March, 1836, they tendered him $100, and demanded that he should execute to them a deed for the said land. That a deed had been prepared and tendered to him for execution, which he refused to execute or accept the money, alleging that more was due upon the contract. That the contract, when signed, was deposited with John Hamilton for safe keeping, and after the said Robinson got possession of the said land he obtained possession of the said contract, with a view to defraud the complainants, and he has refused to give them a copy of the said contract. The prayer in the original bill is, that the said Robinson may be compelled specifically to perform the said contract and account for the rents and profits of the said land since he had the possession thereof. The plaintiffs in October, 1853, filed what they call a supplemental complaint against the two original defendants and James M. Robinson, in which they refer to the original bill and to the contents

thereof, and allege that Joseph Spier, one of the original plaintiffs, died in August, 1845, leaving children and grand-children, who are plaintiffs in the supplemental complaint as his heirs at law. That John Kinnicutt died in the month of October, 1847, and by his last will devised all his interest in the said land to the plaintiff Benjamin S. Kinnicutt, his son. That in April, 1848, the said Issachar Robinson conveyed the said land to James M. Robinson, who at the time he took the conveyance knew of the proceedings in the original action and of the plaintiffs' rights under the contract therein set forth. That the said James took possession of the said land and still occupies the same. The plaintiffs allege that, at a special term of this court held in September, 1853, by an order of the said court, the plaintiffs were allowed to file the supplemental complaint. The plaintiffs, in the supplemental complaint, demand judgment against the defendants according to the prayer of the original bill, and that the defendant James M. Robinson may answer the original bill of complaint and the supplemental complaint, and that he be adjudged to convey the said premises to the plaintiffs upon their fulfilling the terms and conditions of the said agreements on their part, which they offer to do. Issachar Robinson and Richard Greenfield, two of the defendants, have demurred to the supplemental complaint, and assigned four causes of demurrer, and the last cause is subdivided into five parts.

D. P. COREY, *for Defendants on demurrer.*
CHAS. CRAMER, *Opposed.*

CADY, Justice. The first cause of demurrer assigned is " that there is a defect of parties plaintiffs. The heirs at law of John Kinnicutt should be joined as plaintiffs." One answer to this objection is, that it does not appear that he had any heirs other than the plaintiff Benjamin S. Kinnicutt, his son, and who claims as devisee; and if John Kinnicutt had any other heirs at law, there was no necessity that they should be plaintiffs. They might have been made defendants if the validity of the will was to be questioned. The devisee was not bound to join the heirs at law with himself as plaintiffs. The second cause of demurrer

assigned is, " That the personal representatives of the original complainants should be plaintiffs." For what reason? By the original bill a conveyance of real estate was demanded, and an account of the rents and profits after Issachar Robinson took possession. Although the original complainants might have been entitled to such account, on their death the right to such account would vest exclusively in their personal representatives, but the personal representatives could not unite with the heirs at law or the devisees of the real estate as plaintiffs. The plaintiffs can not have an account of the rents and profits which accrued before the death of the original plaintiffs.

The third cause of demurrer is, " That several causes of action have been improperly united in said complaint. It claims a specific performance of an alleged contract to convey real estate, and account and payment for the use and occupation of the same real estate by all the defendants," &c. This is not the claim. The demand is, that Issachar Robinson should pay a reasonable sum for the use and possession of the premises since he was put into possession thereof by the said Greenfield. This was not setting up two distinct causes of action. If Issachar Robinson wrongfully kept possession and refused to give a deed, justice required that he should give a deed and pay for the rents and profits. This was not setting up two distinct causes of action, which could not be legally united, but merely a specification of what he ought to do to make full compensation for the wrong done by him. A bill in equity could not be demurred to because the complainants demanded too many kinds of relief. The plaintiffs in the supplemental complaint can have no claim to the rents and profits which accrued in the life time of their ancestor and testator.

The fourth cause of demurrer is, " That the complaint does not state facts sufficient to constitute a cause of action." If the demurrer is understood to extend to the original bill, then an objection to the demurrer is, that some defendants who now demur have answered the original and can not now demur to it. If the demurrer be confined to the supplemental complaint, then an answer to the demurrer is, that as to them it was not

intended to state facts constituting a cause of action. As to them the only object is to revive the former action, and to proceed in that action.

It may be necessary to examine the five specifications which have been named under the fourth cause assigned for demurrer.

First. "It does not state the necessary facts to entitle these plaintiffs to revive or continue the original action by a supplemental complaint, as attempted in this case." Two specifications are made, as I understand them, in support of the general proposition. It does not show that the plaintiffs' have such a joint interest and right to the subject matter of the action as to authorize them to join as plaintiffs in a supplemental complaint to revive and continue the action attempted in this case. If the plaintiffs have any right to compel any one of the defendants to give a deed, it is a joint right, and one can not maintain the action without the other. Whether they can jointly have a remedy by the supplemental complaint in this case is a different question.

Second. "It does not show that the alleged will of John Kinnicutt was properly executed and proved, as a will of real estate, so as to give the alleged devisee an undisputed and exclusive right and title to the claim and interest in the subject matter of the original action." The plaintiffs have united in the allegation that Benjamin S. Kinnicutt is the devisee of all the interest which John Kinnicutt had in the subject of the suit. The defendants are at liberty to put that fact in issue. By demurring, the defendants have admitted that Benjamin S. Kinnicutt is devisee, as alleged in the complaint.

Third. "It does not show that the alleged will of John Kinnicutt was properly executed and proved, as a will of real estate, so as to give the alleged devisee an undisputed and exclusive right and title to the subject matter of the action." It could not be so executed and proved as to prevent the defendants disputing it if they chose.

Fourth. "The heirs at law of Joseph Spier deceased might proceed by a simple revival of the original action, and then bring James M. Robinson before the court, if necessary, by a

Spier, Kinnicutt, and others, agt. Robinson, Greenfield, and another.

supplemental complaint." The defendant Issachar Robinson and James M. Robinson could not be compelled to execute the contract in moities. All persons entitled to have the deed executed must join in the suit to compel an execution of the deed and in the offer to perform the contract on their part. The heirs of Joseph Spier can not entitle themselves to a deed for the whole of the premises by an offer to perform the contract on their part.

The fifth specification under the fourth cause of demurrer is, " Benjamin S. Kinnicutt, the alleged devisee, can only obtain the benefit of the proceedings in the original suit by an original bill or complaint in the nature of a bill of revivor and supplement." This objection is the most important one which has been made, and perhaps the only one which it is necessary to examine.

From the supplemental complaint it may be inferred that the plaintiffs supposed that their case was provided for by the 121st section of the Code, by which it is enacted that no action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of death, marriage, or other disability of a party, the court, on motion, at any time within one year thereafter, or afterward, on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action *shall* be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. This section, by the amendment of the Code, was made applicable to civil suits pending on the first day of July, 1848. This action, by the death of both complainants, had abated before the first day of July, 1848, and the conveyance from Issachar Robinson to James M. Robinson was made before that day. The section relates to actions which would thereafter abate and not to actions which had abated before the day last mentioned. With this action the 121st section of the Code has nothing to do. Vrooman agt. Jones, (5 *How. Pr. R.* 369.) It was held that section 121 of the Code did not authorize an action of ejectment to be re-

vived against a party who purchased the land in dispute before the Code took effect. This case must be decided without any reference to the Code. It must depend upon the Revised Statutes and the former practice of the court of chancery. The supplemental complaint in this case resembles a supplemental bill much more than it does a bill of revivor. In *Cooper's Pleading*, 70, it is said that a bill of revivor must charge that the cause ought to be revived and stand in the same condition with respect to the parties to the original, as at the time the abatement happened, and it must pray that the suit may be revived accordingly. No such allegations are contained in the supplemental complaint in this cause.

Benjamin S. Kinnicutt does not claim as heir at law, but as devisee. He could not revive the suit by a bill of revivor or by petition under the practice of the court of chancery, or by virtue of 2 *R. S.* 184, § 115. (1 *Barb. Ch. Pr.* 681, 682.) A devisee, a purchaser, or an assignee, can not bring a bill of revivor, nor have such a bill brought against him; but if a devisee wishes to continue a suit he must file an original bill in the nature of a bill of revivor, (2 *Maddock's Chancery*, 400 *and* 401, *and cases there cited;* Wilder agt. Keeler, 3 *Paige*, 164; *Mitford's Pleadings*, 66–74.) A devisee can obtain the benefit of a former suit only by an original bill in the nature of a bill of revivor. In such a bill the complainants in this suit might have united.

I am therefore of opinion that the demurrer be allowed, with leave to the plaintiffs to amend on the payment of costs.