CASE No. 1126.

PARNELL v. MANER.

1. Action of *assumpsit* was brought against a sole defendant, and issue joined,
   after which defendant died, and in June, 1870, entry was made on the
   docket "abated by death of defendant." The estate of the deceased was
   unrepresented until 1879, when respondent qualified as executor, and, in
   1880, motion was made by plaintiff for leave to file a supplemental com-
   plaint, which motion was refused. *Held*, that the refusal was proper, as
   no leave to file was necessary, and that plaintiff had not, by lapse of time,
   lost his right to revive the action.
2. An order of the Circuit judge sustained, the result being correct, although
   based upon an erroneous ground.

---

Before THOMSON, J., Beaufort, November, 1880.

Motion by H. M. Parnell for leave to revive action by serv-
ing and filing a supplemental complaint.   The opinion states
the case.

*Messrs. J. C. Davant* and *W. S. Tillinghast*, for appellant.

*Mr. Jeff. Warren*, contra.

January 10th, 1882. The opinion of the court was delivered by

McIVER, A. J. In this case, the plaintiff commenced an action on a promissory note on March 5th, 1868, against J. W. Lawton, and the case being at issue remained on the docket undisposed of until June Term, 1870, when it was marked on the docket, "abated by the death of the defendant," Lawton having died on March 8th, 1870, leaving of force his last will and testament, whereby he appointed the present defendant, S. P. Maner, executor, who, however, did not qualify as such until some time in the year 1879. On October 27th, 1880, the plaintiff gave notice to the said Maner of a motion for leave to file a supplemental complaint continuing the action against him as executor of the original defendant. Judge Thomson refused the motion, without prejudice, apparently upon the ground that where a sole defendant dies, pending an action against him, the plaintiff has no right to continue the action against his executor or administrator, as the case may be, by a supplemental complaint, but that a new original complaint is the proper proceeding.

This action having been pending, and the original defendant having died since the adoption of the Code of Procedure, its provisions apply to all subsequent proceedings. *Code* § 465. In Section 144 of the code, it is provided that "no action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue." Hence, as the cause of action here certainly did survive when Lawton died, the action did *not* abate, and the entry on the docket to that effect, at June Term, 1870, was clearly erroneous and should be disregarded. The plaintiff, under the provisions of the section just cited, had the right, at any time within a year, to have the action continued against the representative of the deceased defendant by a mere motion, but after the expiration of a year the action could only be continued by supplemental complaint. It will be observed that the provision made in Section 144 of the code for continuing an action by or against the representatives of a deceased party by supplemental complaint, does not require or contemplate that leave

should be obtained from the court to file such complaint as in case of the provision in Section 200 of the code for filing a supplemental complaint for other purposes. Accordingly, we find that the rule in New York is, that while it is necessary to obtain leave to file a supplemental complaint under Section 177 of the code of that State (corresponding with Section 200 of our code), it is not necessary to obtain leave to file a supplemental complaint under Section 121 of the New York code (corresponding with Section 144 of our code), but, on the contrary, the filing of a supplemental complaint in such a case is a matter of right; and, hence, in one of the cases, it was held that a motion to that effect should be denied, because leave was not necessary. 2 *Wait Pr.* 469, and the cases there cited.

The authority cited by the Circuit judge, from the notes to *Wait's Annotated Code*, appears to be the case of *Johnson* v. *Snyder*, 7 *How. Pr.* 395, which does not decide the proposition which it is cited to sustain, viz., that where there is but one defendant, and he dies, a new original complaint is the proper proceeding, and that the action cannot be continued against his representative by a supplemental complaint. On the other hand the cases cited in 2 *Wait Pr.* 468, show that even in cases where there is but a single defendant, and he dies, the action may be continued against his representative by a supplemental complaint where more than a year has elapsed since the death of such defendant.

While, therefore, we agree with the Circuit judge in the result which he reached, we cannot concur in the reasoning by which such result was attained, and, on the contrary, are of opinion that the motion should have been refused because it was unnecessary to apply for leave to file a supplemental complaint for the purpose of continuing an action against the representative of a deceased defendant, the filing of such complaint being a matter of right. Of course, when such complaint is filed, the defendant will have the opportunity, by answer or demurrer, to raise such objections and interpose such defenses as he may be advised are maintainable.

It was argued here, that, by lapse of time, the plaintiff has lost the right which he once may have had to continue the

action by supplemental complaint against the representative of the deceased defendant. To say nothing of the fact that a large part of the delay was occasioned by the failure of the present defendant to qualify as executor of the deceased defendant, it will be observed that while Section 144 does limit the time within which an action may be continued by motion to one year, it does not prescribe any limit to the time within which it may be continued by supplemental complaint after the expiration of one year. In New York it has been held in the case of *Bornsdorff* v. *Lord*, 41 *Barb.* 211, that the supplemental complaint provided for by Section 121 of the code of that State stands in the place of the bill of revivor under the old system of equity pleading; and in a note to the case of *Pendleton* v. *Fay*, 3 *Paige* 205, the case of *Lyle* v. *Bradford*, 7 *Monroe* 115, is cited to sustain the proposition that "lapse of time from filing the original bill, omission to serve the original defendant with process, and a final disposition of the cause as to the other defendants, are no grounds of objection to the bill of revivor in such case." In addition to this, Section 144 of our code contains a provision by which a defendant may protect himself from unreasonable delay on the part of the representatives of a deceased plaintiff in continuing the action by supplemental complaint; and while there is no express provision in that section of the code by which the representatives of a deceased defendant can protect themselves from unreasonable delay on the part of the plaintiff in continuing the action, yet it has been held in New York, that, in such a case, the representatives of a deceased defendant may prevent unreasonable delay on the part of the plaintiff in continuing the action against them by moving for an order discontinuing the action unless the plaintiff shall, within a specified time, consent to an order continuing the action. *Keene* v. *LaFarge*, 16 *How. Pr.* 377.

The judgment of this court is that the order of the Circuit Court be affirmed, without prejudice to the right of the plaintiff to file his supplemental complaint.

SIMPSON, C. J., and McGOWAN, A. J., concurred.