ALBERT HOLLY, RESPONDENT, v. LEOPOLD GRAF, APPELLANT.

*Supplemental complaint — facts showing a cause of action accruing after the action has been commenced, cannot be set up by.*

In November, 1882, the plaintiff commenced this action to recover the price of goods sold and delivered to the defendant. The defendant alleged in his answer that a portion of the said goods were sold upon terms of credit which had not expired at the time the action was commenced. Thereafter, on the 9th day of February, 1883, the plaintiff obtained an order allowing him to serve a supplemental complaint alleging that the terms of credit upon which a portion of the goods were sold expired December 6, 1882, and the terms upon which another portion was sold expired January 13, 1883. The supplemental complaint was served to enable him to recover in this action the price of the goods which were sold upon a term of credit expiring after the action was commenced.

*Held*, that the court erred in allowing him to serve the supplemental complaint. *Corbin* v. *Knapp* (5 Hun, 197), and *Fincke* v. *Rourke* (20 id., 264), distinguished.

APPEAL from an order made at a Special Term, February 9, 1883, permitting the service of a supplemental complaint.

*Thomas Darlington*, for the appellant.

*Abram Kling*, for the respondent.

DANIELS, J.:

The action was commenced in November, 1882. It was to recover the price of goods sold and delivered by the plaintiff to the defendant. As to parts of the cause of action, a defense alleged by the answer was that the goods were sold upon credit which had not expired at the time when the action was commenced. The order providing for the service of a supplemental complaint allowed the averments to be made that the credit for the sum of $1,527.66 expired on the 6th of December, 1882, and that the credit for the further sum of $1,752.67 expired on the 13th of January, 1883. The object of these allegations was more specifically to include these several items within the issue to be tried and to permit the plaintiff to recover for them in this action.

To entitle the plaintiff to recover the amount sued upon, he must have the right to require payment of it at the time when his action may be commenced. Prior to that event the cause of action has not accrued, and its recovery by means of legal proceedings cannot be insisted upon. Section 544 of the Code of Civil Procedure, under the authority of which supplemental pleadings are permitted, has created no exception to this general rule. It has merely allowed a supplemental pleading for the purpose of alleging facts occurring after the former pleading of the party or of which he was ignorant when it was made. These facts must relate to the cause of action upon which the suit has been brought, and be pertinent to the rights or liabilities of the parties connected with that cause of action. The provision does not permit the party to bring into the controversy a demand upon which no right of action had accrued at the time when the suit may have been commenced. This point was considered in *Tiffany* v. *Bowerman* (2 Hun, 643), and it was held that "a new and substantive cause of action cannot be set up by way of supplemental complaint as a ground of recovery, more especially a cause of action to which the plaintiff was not entitled when he

commenced the action." Id., 646, and *McMahon* v. *Allen* (12 How., 39, 44) is in principle to the same effect.

The allegations allowed to be made by the supplemental complaint do present other causes of action than those upon which the right to recover had matured when the suit was commenced, for the right to prosecute an action for the recovery of one of these demands did not accrue, according to the statement made of it, until the 6th of December, 1882, and the other did not mature until the 13th of January, 1882, while the action itself was commenced in the preceding month of November.

It has been urged that *Corbin* v. *Knapp* (5 Hun, 197) and *Fincke* v. *Rourke* (20 Hun, 264) sustain the order permitting the supplementary complaint to be served. But neither of them extends this provision of the Code so far as has been done in the present instance. The former of these cases was an action for a libel, in which a publication after the commencement of the action was allowed to be alleged by supplemental complaint. The law relating to this class of actions is somewhat peculiar. For under a complaint alleging a slanderous or libelous publication, the repetition of the words or the publication of the article on any number of different occasions before the commencement of the action, may be given in evidence upon the trial, although not specifically alleged. (*Root* v. *Lowndes*, 6 Hill, 518; *Distin* v. *Rose*, 69 N. Y., 122.)

And even where proof of the repetition of the words after the commencement of the action has been received as a matter of aggravation of damages, a subsequent action for their speaking may still be maintained. (*Campbell* v. *Butts*, 3 Comst., 173.)

The additional publication of the libel allowed to be alleged was an aggravation and repetition of the original wrong, and might for that reason be allowed to be proved upon the trial as pertinent to the cause of action alleged in the complaint. In the second of these cases the action was upon a contract payable by installments, and it was to allow the allegation to be made, that one of these had subsequently matured, that the supplemental complaint was directed. These cases have extended the provisions of the Code certainly as far as that can with any propriety be done, but they fail to warrant the order from which the present appeal has been taken, for that has allowed other rights of action which could not

legally be made the subject of a suit at the time when this action was commenced, to be included in the plaintiff's statement of the case.

If, however, they could be made a part of the plaintiff's action, no necessity existed for a supplemental complaint, for they were included in the aggregate amount stated in the complaint itself, and by the answer the fact that these particular goods were sold upon credits which did not expire until after the commencement of the action was alleged by way of defense. The facts themselves were accordingly within the issue which had been framed, and nothing really additional was made a part of it by these statements of the supplemental complaint. There was no necessity, therefore, for any addition of this nature to the pleadings in the case. (*Hasbrouck* v. *Shuster*, 4 Barb., 285.)

The order from which the appeal has been taken should be reversed, but as the authorities to which reference has been made may have very well misled the counsel, it should be without costs.

DAVIS, P. J., and BRADY, J., concurred in the result.

Order reversed, without costs.