IRVING O. WHITING and another

*vs.*

HENRY S. BURGER and others, and trustees.

Cumberland. Opinion June 14, 1886.

*Judgment in another state. Pleadings. Practice. Exceptions. Evidence.*

A judgment of the Supreme Court of the city and county of New York in favor of the plaintiff, is a bar to the further prosecution of an action in Maine between the same parties and for the same cause, although the action was pending in Maine when the other action was commenced in New York.

Such judgment may be pleaded specially as a bar to the further maintenance of the action here, or it may be proved under the general issue.

The court has power in its discretion to allow the general issue to be filed after the filing of a special plea in bar, and no exception lies to the exercise of this discretion.

Where there was a misdescription of some of the items embraced in the former judgment, which misdescription would have been amendable, parole evidence is admissible to prove that such items are identical with those declared on in the pending action.

ON exceptions by the plaintiffs.

Assumpsit on an account annexed.

The defendants filed,

1. A plea to the jurisdiction of the court.

2. A plea of a recovery February 4th, 1885, pending this suit, of a judgment by these plaintiffs against these defendants for the same causes of action.

This was Saturday. On Monday, the defendants sought and obtained leave to file the general issue, which was joined the same day. On the next day the plaintiffs moved to strike out the special pleas, and upon hearing, the plea to the jurisdiction was struck out, and the other allowed to stand. The plaintiffs demurred to this plea, specially and generally.

*Strout and Holmes,* for the plaintiffs, contended that there was error in allowing special plea and general issue, citing: 7 Bac. Abr. 688, Pleadings Q.; *McKeen* v. *Parker,* 51 Maine, 392; *Jewett* v. *Jewett,* 58 Maine, 236; *Ludlow* v. *McCrea,* 1 Wend. 228; *Nicholl* v. *Mason,* 21 Wend. 334; *Rowell* v. *Hayden,* 40 Maine, 585.

The ground of defence occurred while this suit was pending. *Stilphen* v. *Stilphen,* 58 Maine, 517.

This plea having arisen after one continuance and before another, and not having been filed until after the second, should show upon its face that it was properly filed. 1 Chitty's Plead. 660; *Jewett* v. *Jewett, supra.*

Technical pleadings upon one side, which it will be observed were first introduced into this case by the defendants, involves on the part of the other party an observance of rulings in relation to such pleadings, and those rules cannot be disregarded except at the peril of judgment in the case, which shall not in any degree depend upon its merits. Demurrer is the proper pleading in such case, upon which the plea is clearly bad. 1 Chitty's Plead. 523; *Thomas* v. *Heathorn,* 2 B. & C. 477 (9 E. C. L. 152); *Clarkson* v. *Lawson,* 6 Bing. 266 (19 E. C. L. 78); *Fitzgerald* v. *Hart,* 4 Mass. 429; *Augusta* v. *Moulton,* 75 Maine, 551; *Gillespie* v. *Thomas,* 15 Wend. 464–467; *Stilwell* v. *Hasbrouck,* 1 Hill, 561–562; *Tappan* v. *Prescott,* 9 N. H. 531–534; *State* v. *Holmes,* 4 Vt. 110.

That the claim for the price of goods sold and delivered can not be the same as claimed for such of the commissions as are set forth in the plaintiffs' writ, would seem too clear to need any argument. No testimony can be imagined which would support equally the two claims. This has been held again and again to be the test as to whether causes of action are identical. 2 Phil. on Ev. (9th ed.) 16 ; 1 Starkie on Ev. (7th Am. ed.) 262 ; *Wood* v. *Jackson*, 8 Wend. 10 ; *Norton* v. *Huxley*, 13 Gray, 285 ; *Eastman* v. *Cooper*, 15 Pick. 276 ; *Steam Packet Co.* v. *Bradley*, 5 Cranch C. C. 393.

Some confusion appears to have arisen out of the practice of putting in parol evidence as to the precise issue decided in the former action, which has gone to judgment, in order to determine whether the point raised in the pending case was decided in the former suit. See *Outram* v. *Morewood*, 3 East, 346 ; *Walker* v. *Chase*, 53 Maine, 258 ; *Lander* v. *Arno*, 65 Maine, 26 ; *Eastman* v. *Cooper*, 15 Pick. 276 ; *Butterfield* v. *Caverly*, 6 Cush. 275 ; *Sawyer* v. *Woodbury*, 7 Gray, 499 ; *Burlen* v. *Shannon*, 99 Mass. 200 ; *Littlefield* v. *Huntress*, 106 Mass. 121 ; *Wood* v. *Jackson*, 8 Wend. 10 ; *Arnold* v. *Arnold*, 17 Pick. 4, *Packet Co.* v. *Sickles*, 5 Wall. 580 ; *Lawrence* v. *Hunt*, 10 Wend. 80–84.

But in this case there is nothing whatever, and the record shows that there can be nothing, which could show or determine that in any other matter than that set forth in the complaint in that cause, was litigated in the New York suit, for judgment having been obtained by default no other cause of action could have been testified to, or in any way got into the cause. The default is an admission upon the record of the court as to the claim set forth in the complaint and conclusive on the parties. *Morton* v. *Chandler*, 7 Maine, 44 ; *Fogg* v. *Greene*, 16 Maine, 282 ; *Ellis* v. *Jameson*, 17 Maine, 235 ; *Cragin* v. *Carleton*, 21 Maine, 492 ; *Thatcher* v. *Gammon*, 12 Mass. 267.

The defendants can not be permitted to file a plea operating not only as an action of review of the New York judgment, but to alter and reform that judgment if it were in any degree

incorrect, which it is clear can only be done by application to the court which rendered that judgment, which is conclusive while it stands. *Walker* v. *Chase*, 53 Maine, 258; *Davis* v. *Davis*, 61 Maine, 395; *Thatcher* v. *Gammon*, 12 Mass. 267; *B. & W. R. Co.* v. *Sparhawk*, 1 Allen, 448.

A fact stated which is inconsistent with the record which is made part of the plea, can not be said to be well pleaded. *Arnold* v. *Arnold*, 17 Pick. 4; *Augusta* v. *Moulton*, *supra*. And in deciding upon the issue raised by a demurrer, the court looks to no other part of the record. 1 Chitty on Plead. 669.

A plea which admits a cause of action, and affirmatively admits it, as for instance, a tender, can not be joined with one which directly denies it, when both pleas are pleaded to some part of the declaration. Gould Pleadings, c. 3, § § 172, 173; *Alderman* v. *French*, 1 Pick. 1.

Exceptions were taken to the filing of the general issue, and at the time were well taken, we think, because a special plea had been filed in a matter arising since the commencement of the suit, arising after the continuance, the pleading of which, under the authorities already cited, waived all defence to the merits of the action, if there ever had been any.

The first two items are not included with the others in one cause of action. We could not divide a single sale of merchandise for several suits, but this was a separate contract at a separate time. *Phillips* v. *Berick*, 16 John. 136.

The error was the exclusion from that suit, a part of our demand sued here, and hence the New York judgment can not be an answer to our whole claim, and we are entitled to judgment for the full amount of it. The plea being bad in part is bad in the whole. *Badger* v. *Titcomb*, 15 Pick. 409; *Brewster* v. *Hobart*, 15 Pick. 302–306; *Tappan* v. *Prescott*, 9 N. H. 531–534.

The case of *North Bank* v. *Brown*, 50 Maine, 214, has no support in reason or authority, and the premises upon which it is based, are not sound. *Bissell* v. *Briggs*, 9 Mass. 462; *Hall* v. *Williams*, 6 Pick. 244; *Middlesex Bank* v. *Butman*, 29 Maine, 19.

Nor is the legal effect of the constitutional provision, as stated. and implied there, correct. U. S. Const. Art. 4, § 1 ; Rev. Stat. U. S. § 905 ; *Hall* v. *Williams,* 10 Maine, 278 ; see Story's Conflict of Laws, § 608 ; *McElmoyle* v. *Cohen,* 13 Pet. 312 ; *Thompson* v. *Whitman,* 18 Wall. 457.

An action may be pending in two different states of the Union, and one will not abate the other. *White* v. *Whitman,* 1 Curtis,. 494 ; *Bowne* v. *Joy,* 9 Johns. 221 ; cited *Wallace* v. *McConnell,* 13 Pet. 136 ; *Hatch* v. *Spofford,* 22 Conn. 484 ; *McJilton.* v. *Love,* 13 Ill. 486 (54 Am. Dec. 449) ; *Yelverton* v. *Conant,* 18 N. H. 123.

So in the state and federal courts in the same district. *Walsh* v. *Durkin,* 12 Johns. 99 ; *Mitchell* v. *Bunch,* 2 Paige, c. 605 ;. *Loring* v. *Marsh,* 2 Cliff. 311.

And a subsequent suit is never ground for abating a prior one. *Webster* v. *Randall,* 19 Pick. 13 ; *Davis* v. *Dunklee,* 9 N. H. 545.

Inasmuch as they can be so prosecuted, judgments may be rendered in each. This doctrine and the converse of that in the case under discussion has been held by Mr. Justice CURTIS, of the Supreme Court of the United States, in the circuit court for this circuit. *Lyman* v. *Brown,* 2 Curtis, 559.

The cases cited as to the merger do not touch the point decided. *Holbrook* v. *Foss,* 27 Maine, 441 ; *Pike* v. *McDonald,* 32 Maine, 418.

No doctrine of merger can here obtain, for that implies a new security of a higher kind. *Pike* v. *McDonald,* 32 Maine, 418 ; 2 Bouvier's Law Dict. 143, Title "Merger"; 2 Rapalje and. Lawrence Do. 814, Title "Merger," § 2.

Should the creditor seek to collect more than is due him,. *audita querela* is the remedy. *Wood* v. *Gamble,* 11 Cush. 8–10 ; *Tarver* v. *Rankin,* 3 Ga. 210 ; *Turner* v. *Whitmore,* 63 Maine, 526.

Every ground, therefore, upon which the case of *North Bank* v. *Brown* was decided, appears to be fallacious, and the decision should fall. A creditor may pursue his remedy in both jurisdictions until he obtains satisfaction. *Hogg* v. *Charlton,* 25 Pa. St. 200.

"The effect intended to be given under our constitution to judgments, is that they are conclusive only as regards the merits." *McElmoyle* v. *Cohen*, 13 Pet. 312 ; *Bank of Ala.* v. *Dalton*, 9 How. 522 ; *Booth* v. *Clark*, 17 How. 322.

In the absence of this provision, so limited by the federal court, whose special function it is to interpret it, judgments of courts of other states would be treated as strictly foreign judgments. "All agree" to this. *Hall* v. *Williams*, 6 Pick. 232.

The true rule seems to be that a judgment satisfied may be interposed to defeat a prior action, but not until it is satisfied. We should be pleased to be defeated by a defense based upon payment of a judgment for our cause of action. *Bowne* v. *Joy*, 9 Johns. 221 ; *Gilmore* v. *Carr*, 2 Mass. 171 ; *Savage* v. *Stevens*, 128 Mass. 254.

Counsel further cited : 2 Tidd's Practice, (9th ed.) 851 ; *Jones* v. *Murphy*, 18 La. Ann. 634.

*Mattocks, Coombs and Neal*, for the defendants, cited upon the question of pleadings : R. S., c. 82, § 22 ; Stat. 1831, c. 514 ; *Potter* v. *Titcomb*, 13 Maine, 38 ; *Mayberry* v. *Brackett*, 72 Maine, 102 ; *Augusta* v. *Moulton*, 75 Maine, 557 ; *Bank* v. *Blake*, 66 Maine, 285 ; *Cummings* v. *Smith*, 50 Maine, 568 ; Spaulding's Practice, 374, note *e* ; *Rowell* v. *Hayden*, 40 Maine, 582 ; *Ludlow* v. *McCrea*, 1 Wend. 228 ; *Rogers* v. *Odell*, 39 N. H. 460.

The court may allow the general issue to be filed after a special plea in its discretion. *Tuffs* v. *Gibbons*, 19 Wend. 639 ; *Rowell* v. *Hayden*, *supra* ; *Morgan* v. *Dyer*, 10 Johns. 161 ; *Stevens* v. *Thompson*, 15 N. H. 410 ; 1 Chitty, Pl. 639 ; *Rangely* v. *Webster*, 11 N. H. 299 ; *Gordan* v. *Pierce*, 11 Maine, 213.

Former recovery may be shown under general issue. 1 Greenl. Ev. (Redfield's ed.) § § 531, 531 a ; *Gray* v. *Pingry*, 17 Vt. 419 ; *Warren* v. *Comings*, 6 Cush. 104 ; *Chamberlain* v. *Carlisle*, 6 Foster, 540 ; *Perkins* v. *Walker*, 19 Vt. 144 ; *Emery* v. *Fowler*, 39 Maine, 327 ; see also, *Phillips* v. *Berick*, 16 Johns. 136 ; Bigelow, Estoppel, 592, 593 ; *Potter* v. *Titcomb*, 16 Maine, 425 ; *Sturtevant* v. *Randall*, 53 Maine, 151 ;

Parol evidence admissible to show grounds of former judgment. *Emery* v. *Fowler, supra*; *Rogers* v. *Libbey*, 35 Maine, 200; *Perkins* v. *Walker, supra.* Former judgment an effectual bar. *Bank* v. *Brown*, 50 Maine, 214; 2 Greenl. Ev. 23, and notes; *Emery* v. *Fowler*, 39 Maine, 332.

LIBBEY, J. This case was tried by the judge presiding below without the intervention of a jury, who rendered judgment for the defendants.

The most important question involved in the case is, whether the former judgment pleaded and put in evidence by the defendants is a bar to the further maintenance of the action. With the fact found by the judge we think it is. The plaintiffs were residents of Massachusetts, and the defendants were residents of New York. This action was commenced September 12, 1884, by attachment of the defendants' property in this state. January 9, 1885, the plaintiffs commenced another action against the defendants for the same causes of action, in the Supreme Court for the city and county of New York, in which the defendants, having been duly summoned, appeared, and judgment was rendered by said court on default, February 4, 1885, for the amount claimed in the complaint.

It is claimed by the learned counsel for the plaintiffs that the judgment in New York has no effect here except to preclude the defendants from the right to controvert the validity of the claims in suit—that it can not be set up by the defendants as a bar to the maintenance of this action. The court in New York had jurisdiction of the parties and of the subject. The judgment there is a bar to another suit in the courts of that state for the same causes of action. Upon this point the law of that state is the same as in this state. A judgment in assumpsit merges the promise declared on, and no further action can be maintained on it. *Peters* v. *Sanford*, 1 Den. 224; *Nicholl* v. *Mason*, 21 Wend. 339.

We think the rule well settled that a judgment which is conclusive between the parties, and a bar to another action for the same cause in the state where rendered, is, by the constitution of the United States, Art. 4, § 1, and the act of Congress of

May 26, 1790, equally conclusive in every other state in the Union. This is the declared doctrine of this court. *North Bank* v. *Brown*, 50 Maine, 214; *Sweet* v. *Brackley*, 53 Maine, 346. The same doctrine is held by the Supreme Court of the United States. *Insurance Co.* v. *Harris*, 97 U. S. 331. That case appears to be directly in point. It was an action commenced in the circuit court of the United States for the District of Maryland, on two life policies. While it was pending in that court, a judgment was rendered in the Supreme Court for the city and county of New York against the defendant company, upon the same policies, in an action in which the plaintiff and defendant were parties, and the question involved was whether the New York judgment was a bar to the further maintenance of the action in the federal court. In the opinion the court say: "The decree made by the Supreme Court of New York, if admissible, was certainly material. It will not be denied that its effect was the creation of a complete bar against the recovery of any other judgment, in that state, on these policies of insurance, against the plaintiffs in error. The claim of Brune or Whitridge became merged in the judgment of that court. It is perfectly immaterial whether the New York court first obtained jurisdiction of the subject and the parties, as in fact it did. When the final judgment was rendered it closed the controversy, and after that the person assured by the policies could not have maintained a suit on them, in that state, in the same or any other court; and if not, he can not now in any other state of the Union. This is settled by the act of Congress of May 26, 1790, which declares that the records and judicial proceedings of the courts of any state, when authenticated, shall have such faith and credit given them in every court within the United States, as they have by law or usage in the courts of the state from whence they are taken. The meaning of this is, that when a judgment or decree has been given in one state by a court having jurisdiction of the parties and the subject, it has the same force and effect when pleaded or offered in evidence in the courts of any other state." Citing *Mills* v. *Duryee*, 7 Cranch, 481; *Mayhew* v. *Thatcher*, 6 Wheat. 129; *Habich* v. *Folger*, 20

Wall, 1 ; *Bumby* v. *Stephenson*, 24 Ohio, 474 ; and *Dobson* v. *Pearce*, 12 N. Y. 156.

This is a federal question, and if we could have any doubt about it, we are bound to follow the law as decided by the federal court of last resort.

But it is claimed that the former judgment was not properly before the court because not properly pleaded. The defendants first pleaded it in bar of the further maintenance of this action ; and afterwards, by special leave of court, pleaded with it the general issue. Plaintiffs demurred specially to the plea in bar, and joined the general issue. It is claimed by the counsel for the plaintiffs that the special plea should be held bad on the demurrer, because it does not contain the technical requirements of a plea *puis darrein continuance*. The answer is, it is not such a plea. It is a special plea filed before issue joined, and one that may be filed at any time before issue joined without special leave of court. *Rowell* v. *Hayden*, 40 Maine, 582. It is urged further that the plea is bad because it appears by the authenticated copy of the judgment, which is referred to in the plea and filed with it, that the first two items of the claims declared on in the two actions are not the same. The plea avers that they are identical and the same, and the plea is not bad on this ground unless they are necessarily different. We think they are not.

But the sufficiency of the special plea is not material to the result. We think it well settled that the former judgment, duly authenticated, was admissible in evidence under the general issue, and would have the effect, with the fact found by the judge, to bar the further maintenance of the action. *Insurance Co.* v. *Harris*, *supra*, p. 336, and cases there cited ; *Emery* v. *Fowler*, 39 Maine, 326.

It is claimed, however, that the court had no power to allow the general issue to be filed, after the filing of the special plea, and before issue was tendered upon it. We have no doubt that the court had such power, to be exercised in its discretion, and exception does not lie to the exercise of such discretion.

The remaining question is whether the court erred in admitting

evidence to prove the identity of the first two items of the claims declared on in the two actions. This action is an account annexed, and the first two items are described as follows :

"1884, June 30.   Commis. on their sales in Boston, June, '84,   . $103.14."
     " July 31.      "     "      "      "     July, '84,     $56.33."

In the complaint on which the New York judgment was rendered as " goods and merchandise," sold and delivered to the defendants, "$103.14, June 30th, 1884," "$56.33, on July 31st, 1884."

When the record does not disclose the precise issues raised and claims considered and which pass into judgment in the action, they may be shown by parol evidence. *Rogers* v. *Libbey*, 35 Maine, 200 ; *Emery* v. *Fowler*, 39 Maine, 326 ; *Campbell* v. *Rankin*, 99 U. S. 261 ; *Cromwell* v. *County of Sac.* 94 U. S. 351.

But it is claimed an item for goods and merchandise sold can not be the same as an item for commissions on sales of merchandise. May not the claims *in substance* be the same, but in the one case or the other, through mistake or clerical error, be misdescribed? The dates are the same and the amounts are the same. If the claims were in fact the same, which is not controverted, the misdescription was amendable, and where a claim in suit is in part misdescribed, and goes into judgment without objection, we think parol evidence to explain and identify it, is not a contradiction of the record, but is within the rule as held in the authorities cited. The court below found that the items in the two actions were identical. This finding of fact is conclusive. We think the bar perfect.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.