O’Brien, J.
Mr. Justice Barrett, who had the question here presented before him, in another form, is of the opinion, in which I • concur, that this motion should be denied, without prejudice to defendant’s right to raise the question by answer in the nature of a supplement.
The question now presented is whether leave to sue was ever necessary. This is a serious question and should be left to the trial, where a ruling can be had upon which a review upon the merits may be obtained. The cases where the courts have dismissed suits on motion were such as depended upon judicial action, like the taking of bonds from the files, and delivering them to the party for prosecution. There, although the complaint may state a good cause of action, the court will stay proceedings, or even dismiss if informed that the party has proceeded without its authority. Here, however, the plaintiff has actually averred “ leave given ” in his complaint, and issue has been joined on that by some of the other defendants. Now plaintiffs had such leave when the suit was commenced, but such leave has been taken away from them since. That involves a supplemental pleading.
It is impossible to settle all the questions which *19 thus arise on mere motion, especially as plaintiffs now claim that their allegation of “ leave given ” was unnecessary, and that they have a right to proceed without it, citing authorities to that effect in the second department (Mead v. Spink, 1 N. Y. Supp. 390; Schultz v. Mead, 8 Id. 663). The court, upon motion, in view of the serious questions. presented should not in this summary form dismiss the .complaint.
The motion should, therefore, be denied, without costs, thus leaving the parties to their pleadings and to the trial.
Ordered accordingly.
Note on Supplemental Pleading.
Facts relied on by plaintiff which occurred before suit commenced. In equity, a supplemental bill is demurrable if it appears upon its face that all the matters alleged therein occurred before the suit was commenced, and might have been stated in the original complaint by amendment.
Stafford v. Howlett, 1 Paige 200.
Fulton Bank v. N. Y. & Sharon Canal Co., 4 Paige 127, 132, (holding that objection must be made by demurrer, plea, or answer, and therefore the objection is too late for the first time at the hearing.)
But under the New York Code a supplemental pleading may allege any material facts which occurred after the former pleading of the party, or of which he was ignorant when it was made.
N. Y. Code of Civ. Pro. § 544.
Hence a complaint alleging only material facts which occurred before suit, or before the former pleading, is not therefore demurrable if it also appear that the party was ignorant of them when the former pleading was made.
See the following cases:
Kelsey v. Jewett, 34 Hun, 11.
A demurrer was held not frivolous in J. G. Hoffman Manufacturing Co. v. Read, Sup’m. Ct. Sp. T. 1885, 8 Civ. Pro. R. 277. The objection on which it was attacked as frivolous was that" it did not show the nature of the cause of action, nor show that the cause of action survived the death of the original plaintiff.
*20 Facts subsequent bitt essential to cause of action. A supplemental complaint is demurrable as insufficient, if a fact alleged in it because essential to make out the original cause of action, and not merely formal, is alleged as having occurred since the commencement of the action. It is not demurrable if it sufficiently alleges facts which have occurred pending the suit, which vary the relief to which the plaintiff is shown to be entitled by the original complaint ; or which show another ground for the same relief.
Pinch v. Anthony, 10 Allen, (Mass). 470, 477, (but holding that failing to demur and going into a hearing on the merits without objecting, waives the objection).
Lowry v. Harris, 12 Minn. 255.
S. P McCullough v. Colby, 4 Bosw. 603 ; again 5 Id. 477, (issue of an execution pending a creditor’s action instead of before commencing it).
This exception at least was recognized in equity 3 Dan. Ch. 1657, and there is no reason why the Code should be deemed to have changed the rule in equity cases.
Hasbrouck v. Shuster, 4 Barb. 285.
S. P. Yorkshire Ry. Wagon Co. v. Cornwall Minerals Ry. Co., Ch. Div. June, 1882. Kay, J., suit to enjoin lessee from parting with possession. Pending the action the lease terminated entitling plaintiff to resume possession subject to an unexercised option to purchase.—Held., that plaintiffs might amend by asking delivery of possession.
Allen v. Taylor, 2 Green Ch. (N. J.) 435, (bill by mortgagee against mortgagor for waste; pending the suit the mortgage became due and the mortgagee made default:-—Held, that a supplemental bill for foreclosure was sustainable.
[For other cases see Marquis of Waterford v. Knight, 9 Bligh, N. S. 307; s. c., 3 Cl. & F. 270; Neazie v. Williams, 3 Story, 54; Salisbury v. Hatcher, 2 Yon & Coll. 54; 12 Law Journ. (N. S). Ch. 68; 6 Jur. 1051; Bardwell v. Ames, 22 Pick. 375 ; Saunders v. Frost, 5 Id. 275 ; Williams v. Birkbeck, Hoffm, 359; Candler v. Pettit, 1 Paige, 168 ; Hasbrouck v. Shuster, 4 Barb. 285].
Jenkins v. International Bank of Chicago, 127 U. S. 484; s. c., Law. Ed. 189. Foreclosure, Pending the suit plaintiff set up by supplemental bill a judgment he had recovered meanwhile,—held, proper strictly new matter arising after the filing of a bill, properly set up byway of supplemental bill, in support of the relief originally prayed for, cannot be considered as a new cause of action. The Statute of Limitations has no application to such supplemental bill.
*21 S. P. Cohn v. Husson, 5 Civ. Pro. R. 324. Action on note Answer that defendant had given a renewal note which was outstanding. Supplemental complaint stating that the renewal note was not paid and was in plaintiff’s possession,—held proper, and plaintiff might return it at the trial.
[All these questions now usually come up on motion for leave.]
Defect of parties. To cure a defect of parties the plaintiff may be allowed to set up by supplemental complaint a fact which has occurred since the commencement of the action and which dispenses with the necessity of joining the absent party.
Nolan v. Command, 11 Civ. Pro. R. 295. (Partition by a lien, omitting to join the State.—Held, that the filing of a declaration under the statute, since the commencement of the action, which would prevent the State from claiming an escheat, might be so set up.)
Facts merely additional. A supplemental complaint is not demurrable for insufficiency if it simply alleges facts which occurred since the commencement of the action, which are necessary to be alleged to continue the action by or against one not originally a party.
Simmons v. Lindley, 108 Ind. 297 ; s. c., 9 North East. Rep. 360, 6 Western Rep. 581. (Ejectment). Peters v. Banta, (Ind. 1889), 22 North East. Rep. 95 ; Frericks v. Boster, 17 Reporter, 168 (U. S. Circ. Ct.) Spier v. Robinson, 9 How. Pr. 325, 329. (Specific performance).
S. P. American Life Ins. & Trust Co. v. Sackett, 1 Barb. Ch. 585, (holding that where the only allegations of a supplemental bill are those necessary to continue the action by or against one succeeding to the interest of an original party, the answer thereto can only put in issue those allegations or allege matter of defense which has occurred since the suit was commenced).
Unnecessary rehearsal of original. A supplemental bill which unnecessarily sets forth at length allegations of the original bill is not demurrable for insufficiency merely because of the insufficiency of the allegations thus rehearsed, if as a whole it is sufficient.
Johnson v. Snyder, 7 How. Pr. 395.
Defendants. Right of new party to answer. One who ought to have been made an original party, may, when brought in by amendment or supplemental complaint, set up any defense which he might have set up had he originally been made a party at the time the action was commenced, as well as any which has since arisen.
Campbell v. Bowne, 5 Paige, 34; Shaw v. Cock, 78 N. Y. 194; *22 Lawrence v. Ballou, 50 Cal, 258 ; Newman v. Marvin, 12 Hun, 236. (Limitations.)
But a party who is made such pending the suit as repre-. senting the interest of one who was an original party, has no other right of defense than the one for whom he substituted, and is bound by the pleadings of his predecessor, except as may be otherwise expressly permitted by the court.
Forbes v. Waller, 25 N. Y. 430, 435 ; Fretz v. Stover, 22 Wall, U. S. 198.
Demurrer lies. Under the New Procedure a supplemental answer which does .not state facts sufficient to constitute a defence in whole or in part, is demurrable.
Goddard v. Benson, 15 Abb. Pr. 191. (Where the Code allows a supplemental answer, it necessarily allows what is incident to such a pleading, the right to demur to it. This was the rule before the code, where a plea was put in fimiis darrein. Citing Abbott v. Rugerly. Freem. 252.)
S. P. Lee v. Dozier, 40 Miss. 477 ; Swan v. Dent, 2 Md. Ch. 111, (on exceptions).
Defence arising after suit in legal action. In an action of a legal nature, the rights of the parties must be determined as they existed at the commencement of the action, except so far as the situation has since been changed unfavorably to the plaintiff’s claim, either by his own act or by operation of law.
[The reason is that in legal actions the statute gives costs ; and as they ought not to be charged on a plaintiff who had good reason to sue, defendant ought to get leave, when the court can impose terms.]
Wisner v. Ocumpaugh, 71 N. Y. 113. The court say: “The rights of the parties must be determined at the commencement of the action. Although equitable defence is allowable to a legal action, it does not, when interposed, change the character of the action, nor authorize transactions subsequent to the commencement of the action to be shown, to affect the rights of the parties, as they existed when it commenced.”
Hence (with those exceptions) an answer which sets up in defense any essential fact that did not occur till after suit brought is bad in an action of a legal nature, even in those jurisdictions where equitable defenses may be pleaded. Id.
But if plaintiff’s own voluntary act pending the suit has *23 impaired Or discharged his cause of action as by a compromise or release, or has given defendant a counter claim arising out of the same subject matter, or if the defendant has been exonerated by operation of law as by a discharge in bankruptcy or an adjudication in another suit, defendant may set up the fact in his answer, unless it occurred after issue joined, in which case it can only be set up by supplemental answer.
See the following cases :
Willis v. Chipp, 9 How. Pr. 568, (motion for judgment for frivolousness denied because defendant had a right to plead settlement with plaintiff after suit brought.)
Lansing v. Ensign, 62 Id. 363, (settlement, payment and waiver, pending suit, held not immaterial, and motion for judgment on the pleadings denied.)
Otherwise of payment to plaintiff’s creditor, by defendant even though pursuant to and as a performance of the contract sued on. Moffatt v. Henderson, 48 Super. Ct. (J. & S.) 449.
The fact that plaintiff’s right of action was divested after commencement of the action, by his bankruptcy, is not an available defence, if before it is pleaded he re-acquires it by purchase from his assignee. Gear v. Fitch, 16 Pat. Off. Gas. 1231.
Kelley v. Dee, 2 Supm. Ct. (T. & C.) 286. (Action for work and labor when the parties were about to go before the referee they came to a settlement which plaintiff afterwards refused to carry out though defendant tendered performance. After the hearing was begun, defendant, by leave, filed a supplemental answer setting up the settlement of the action and asking specific performance.—Held, that the agreement accompanied by tender of performance, constituted a good cause of action in equity for specific performance, and under the Code defendant is entitled to set it up as a defense. Judgment for plaintiff therefore reversed.)
S. P. Cass v. Higenbotam, 100 N. Y. 248.
S. P. Yeaton v. Lynn, 5 Pet. U. S. 224, 231. (Marshall Ch. J., common law action by executor. Revocation of letters pending suit might be pleaded puris darrei7i continuance.)
The statement that the matter is pleaded “ to the further maintenance of the action ” is matter of form rather than of substance. Carpenter v. Bell, 19 Abb. Pr. 258, 263. Bosworth, Ch. J.
Matthews v. Chicopee Mfg. Co., 3 Robt. 711. (Release after issue in an action against joint tort feasors, should be set up by supplemental answer, denying motion to amend answer on the ground that it should have been for leave to serve supplemental answer.)
*24 The service of a supplemental complaint is not the commencement of a new action, but is only a continuance of the existing action, and under the new procedure, which requires a continuance on motion to be sought within a year, and which also allows the living party to require a prompt continuance by moving it for the time therefor limited, a defendant on whom a supplemental complaint by an executor or administrator is served, cannot, at least in an action of a legal nature, plead the statute of limitations, unless it had run before the action was originally commenced. The fact that the statute time has elapsed since the action was commenced is an objection to the continuance available only on the motion to permit or require the supplemental complaint to be made. Evans v. Cleveland, 72 N. Y. 486 rev’g. 12 Hun, 140.
I11 equitable action. ' An action of an equitable nature cannot be maintained, any more than a legal action, unless the cause of action existed at the commencement of the suit ; but in an action of an equitable nature, any matter of defence, though arising after suit brought, may be pleaded in the answer, unless the time for answering has passed, in which case it may by leave' be pleaded in a supplemental answer. The reason is that here the costs are discretionary ; and if defendant prevails, notwithstanding there was good cause to sue, the court can charge him with costs.
See the following cases :
Lyons v. Brooks, 2 Edw. Ch. 110. (Agreement and payment made, subsequent to the filing of the bill.)
Peck v. Goodberlet, 109 N. Y. 180,189; s. c., 15 State Rep. 182, (holding that the rule in actions at law, that the right to judgment depends on facts existing at the commencement of the action is not the rule in actions in equity).
S. P. Trustees of Columbia Col. v. Thacher, 87 N. Y. 311.
Wilbur v. Gold & Stock Tel. Co., 52 Super. Ct. (J. & S.) 189. (Specific performance:—Held, error to refuse to allow defendants to serve a supplemental answer setting up facts occurring after the commencement of the action, which show that they are unable to specifically perform.)
Medbury v. Swan, 46 N. Y. 202. (The court say, that “ generally a defendant has a right to set up, by a supplemental answer, matter of defense which has occurred or come to his knowledge subsequently to the putting in of his first answer, but that he must apply to the court, by motion, for leave so to do, so that the opposite party may be heard, and the court may determine whether there has been inexcusable laches, or whether any of the reasons appear which are recognized *25 as giving authority for denying the exercise of the general right in the particular instance; and the court must grant leave, unless the motion papers show a case in which the court may exercise a discretion as to granting or withholding leave.”)
Fox v. Kimberly, 27 Conn. 307, 315. (Dictum that therefore a bill in equity to enjoin prosecution after settlement is not sustainable. Compare Giles v. Austin, 62 N. Y. 486; aff’g 38 Super. Ct. (J. & S.) 215, holding that. defendant might .resort to a new action, because in that case leave to serve a supplemental answer would have been discretionary, not matter of right.)
Form of pleading. Under the Code of Procedure, an answer setting up payment after suit brought, is not fatally defective because it demands that the complaint be dismissed, and judgment granted for costs, instead of praying judgment whether plaintiff should further maintain his action, as under the old practice. No formal conclusion is required, and no judgment or relief is required to be prayed for, except when defendant asks affirmative relief.
Bendit v. Annesley, 42 Barb. 192 ; s. c., 27 How. Pr. 184.
Leave to plead need not be alleged. A plea or answer, duly interposed before issue otherwise joined, need not allege leave of court, although the fact pleaded occurred after the suit brought.
Whiting v. Burger, (Me.) 1886 ; 4 Atl. Rep. 694, 696.